## NYCUM v. McALLISTER *et ux.*

Homestead: ON PUBLIC LANDS: MORTGAGE. Section 4 of the act of congress, granting homesteads to actual settlers on public lands, providing that "no lands acquired under the provisions of the act shall become liable to the satisfaction of any debt contracted prior to the issuing of the patent," was not designed to restrict the right of the settler, or to disable him from mortgaging or otherwise conveying his interest in the premises before the issuing of the patent.

*Appeal from Kossuth District Court.*

FRIDAY, FEBRUARY 23.

ACTION to foreclose a mortgage. The defendants pleaded, as a defense, that the real estate described in the mortgage was by them taken as a homestead on the 6th day of June, 1864, under the act of congress, approved May 20, 1862, entitled "An act to secure homesteads to actual settlers on the public domain," and that no patent has been issued to defendants for the land. The action was commenced August 31, 1871. A demurrer to the answer, on the ground that it does not show facts which, in law, are a defense to the action, nor that defendants' interest in the real estate is not subject to the mortgage, was sustained. Defendants appeal.

*Call & Clark* for the appellants.

*Galusha Parsons* for the appellee.

BECK, Ch. J. — Defendants' counsel insist that, under the provisions of the act of congress, granting homesteads to actual settlers, the mortgage sought to be foreclosed in this case cannot be enforced. Section 4 of that act provides: "That no lands, acquired under the provisions of this act, shall in any event become liable to the satisfaction of any debt or debts, contracted prior to the issuing of the patent therefor." Act of May 20, 1862. Occupancy of the land for five years (other provisions of the law having been performed) entitles the homestead settler to a patent. The occupancy of defendants had been for a longer period, but no patent had been issued to them. The case is presented by counsel, in the aspect that defendants are entitled to the patent, having complied with the provisions of the homestead law.

The question presented for our decision is, whether a homestead, taken under the act of congress, may be conveyed by mortgage, executed by the homestead settler, to secure a debt contracted prior to the issuing of the patent for the land.

It cannot be denied that, independent of the provision of the act of congress of May 20, 1862, above quoted, the defendants had an interest in the lands in question, though no patent had been issued to them, which they could convey by a mortgage that would be a valid lien thereon. *Pierson* v. *David et al.*, 1 Iowa, 23.

Does the provision of the act of congress, just referred to, render invalid a mortgage upon the homestead settler's interest, in case no patent has been issued to him? The provision is clearly intended for the protection of the settler. It is not a limit or restriction upon the right he acquires to the land, neither does it operate as a disability, forbidding the sale or transfer of his interest in the land. This view is certainly correct, in case the settler has done all the law requires of him to do in order to obtain a patent, when he has a right to the patent and it has not been with-

held through his fault. In such a case, his right to the land would be full and complete. Now the provision in question is not a restriction upon his right — it is not a limit upon his right to dispose of the land in a manner recognized by the law. The law recognizes his right to convey his land, by mortgage. Such an instrument, when executed in a valid form upon his homestead, must be enforced.

The provision is intended as a shield for his protection, and is not a weapon for the destruction of any of his rights. In the case before us defendants did not desire to invoke its protection, but exercised their right to convey the land by the mortgage, thus creating a lien thereon. This lien, as it was lawfully imposed, must be enforced.

The foregoing views are not in conflict with the doctrines recognized in *Curtis* v. *O'Brien & Sears*, 20 Iowa, 376.

The ruling of the district court upon the demurrer must be sustained.

Affirmed.