JAMES E. JONES, APPELLANT, v. MICHAEL YOAKAM AND OTHERS, APPELLEES.

1. **United States Homestead Act.** A mortgage executed by a settler upon public lands under the homestead act, after making his proof of compliance with all the requirements of the law, so as to entitle him to a patent, is valid, notwithstanding the patent has not been issued.

2. ———. It is no objection to the validity of such mortgage that it was given to secure a debt contracted before such proof was made.

3. ———. Section four of said act does not prohibit the owner of the homestead from pledging the same voluntarily to secure a pre-existing debt. Its only effect is to protect him against a compulsory payment of such demand out of the land.

APPEAL from the district court of Saline county.

There was a stipulation in the cause as follows:

"It is stipulated and agreed by the parties hereto, that the following are facts in this cause:

"1. That defendants, Michael Yoakam and Mary E. Yoakam, made and delivered to plaintiff, James E. Jones, a mortgage to secure payment of a certain note, on the premises described in petition, said note dated April 21, 1873.

"2. That said mortgage was recorded on the 23d of April, A. D. 1873, in county clerk's office.

"3. That balance due and unpaid is the sum of $462.00

and interest from March 10, 1874, at the rate of ten per cent per annum.

"4.   That the lands in question were acquired by defendant under homestead laws of the United States.

"5.   That the debt for which the note and mortgage was given was a debt contracted prior to the date of said note.

"6.   That final proof was made before U. S. land officers on the 21st day of April, A. D. 1873.

"7.   That the patent to said land was issued by the United States, and bears date as of the first day of July, 1873.

"8.   That the patent so issued was not on record at the commencement of this action."

There was also an additional stipulation as to the amounts due other of the defendants from the defendant Yoakam. The court below held the mortgage referred to in the above stipulation to be void, and Jones appealed.

*M. B. C. True*, and *Hastings & McGintie*, for appellant.

*W. H. Morris*, for appellee, Yoakam.

LAKE, CH. J.

This is an appeal from the district court for Saline county, and is brought here upon a single question.

The action was instituted by Jones to obtain the foreclosure of certain mortgages, executed by Michael Yoakam, upon premises which he had acquired from the United States, under the provisions of the homestead act, and also to settle the priorities of certain liens, by judgment and otherwise, held by other of the defendants.

The correctness of the decree is not questioned, save as to the mortgage, mentioned in the first cause of action.

The mortgage was executed on the 21st day of April, 1873, and on the same day that Yoakam made his proof at the land office of having complied with all the provisions of the homestead act, so as to entitle him to a patent. The patent, however, was not actually issued to him, until the 1st day of July, 1873. The court below held this mortgage to be absolutely void for two reasons: *first*, that the debt, which it was given to secure, was contracted before Yoakam had perfected his right to the land; *second*, that the mortgage was executed before the patent actually issued.

As to the first objection to this mortgage we are of the opinion that it is not at all material when the debt was originally contracted, whether before or after the making of the final proof of settlement, etc. Section four of the homestead act, upon which this objection is based, provides that: "No lands acquired under the provisions of this act, shall, in any event, become liable to the satisfaction of any debt or debts contracted prior to the issuance of the patent therefor."

All that congress could have intended by this section was, that the owner of such homestead should not be deprived of the land by virtue of legal process founded on a debt contracted before the patent has issued. It was not intended to do. more than protect him against the compulsory payment of such a debt. Mark the language employed. "No land   *   *   *   shall be *liable*," etc., that is, bound, or answerable, in law, or equity. It was intended simply as a protection and benefit to the owner of the homestead, and not as a prohibition upon his right of alienation, by deed or mortgage, and for any valuable consideration which he might choose to accept. It is a benefit, which he may claim or waive at his own option.

The second point was raised and decided in the case

of *Cheney v. White*, which we have just disposed of. It is not necessary to repeat what was there said.

For these reasons we hold that the mortgage in question was a valid and first lien upon the premises; and judgment will be modified, and entered accordingly.

DECREE ACCORDINGLY.