CALVIN TOWNSEND *vs.* PETER H. FENTON.

July 5, 1883.

**Homestead Entry—Agreement, Before Patent Issued, to Convey.—F.** made a homestead entry, under U. S. Rev. St. §§ 2290 and 2291, and made an agreement to convey the land as soon as he should make final proof of his claim, upon a consideration to be paid at that time. *Held,* that the agreement is not void under the laws of the United States.

**Statute of Frauds — Oral Agreement to Convey Land — Payment of Money not Part-Performance.—**T., F., and D. made an oral agreement, by which D., who held the note of F., transferred it to T., and agreed to pay F. $100 upon his conveying certain land to T. T. agreed that, on such conveyance, he would surrender the note to F., and F. agreed that, on the payment of the $100 and the surrender of the note to him, he would convey the land to T. Sixty-five dollars of the $100 was afterwards paid by D. to F. *Held,* there was no part-performance to take the case out of the statute of frauds.

Appeal by plaintiff from an order of the district court for Murray county, *Severance,* J., presiding, overruling a demurrer to the answer, on the ground that the contract set out in the complaint is void as against the homestead law of the United States, the court stating that it had been so uniformly held in that district, but expressing doubt as to the correctness of so holding. The case is stated in the opinion.

*P. M. Babcock* and *Edward Savage,* for appellant.

The contract set out in the pleadings is not contrary to any act of congress. It is now well settled that a pre-emptor may sell his title *in futuro* and even convey the same. *Camp* v. *Smith,* 2 Minn. 131, (155;) *Olson* v. *Orton,* 28 Minn. 36; *Robbins* v. *Bunn,* 54 Ill. 48; *Dillingham* v. *Fisher,* 5 Wis. 475; *Hayward* v. *Ormsbee,* 11 Wis. 3; *Knight* v. *Leary,* 54 Wis. 459; *Myers* v. *Croft,* 13 Wall. 291; *Lamb* v. *Davenport,* 18 Wall. 307. The question in regard to homesteads is similar to that in the case of pre-emptions. The agreement set out is not an "alienation" within the meaning of the statute. *Kingsley* v. *Gilman,* 15 Minn. 40, (59;) *Boyd* v. *Cudderback,* 31 Ill. 113; *Lane* v. *Maine Mut. F. Ins. Co.,* 12 Me. 44; *Masters* v. *Madison Co.*

*M. Ins. Co.*, 11 Barb. 624; *Conover* v. *Mut. Ins. Co.*, 1 N. Y. 290; *Burbank* v. *Rockingham M. F. Ins. Co.*, 24 N. H. 550; Abbott's Law Dict., "Alienation;" Burrill's Law Dict., "Alienation."

The contract is one the specific performance of which will be enforced in a court of equity, on the ground of part-performance, notwithstanding the statute of frauds. Gen. St. 1878, c. 41, § 13. *Pfiffner* v. *Stillwater & St. P. R. Co.*, 23 Minn. 343; *Wetmore* v. *White*, 2 Caines' Cas. 87; *Ryan* v. *Dox*, 34 N. Y. 307; *Martineau* v. *May*, 18 Wis. 54; Pomeroy on Spec. Perf. § 103; *Seager* v. *Burns*, 4 Minn. 93, (141;) *Daniels* v. *Lewis*, 16 Wis. 140; *Williams* v. *Stewart*, 25 Minn. 516; *Hawkins* v. *Hunt*, 14 Ill. 42; *Fairbrother* v. *Shaw*, 4 Iowa, 570; *Cole* v. *Cole*, 41 Md. 301; *Rhodes* v. *Rhodes*, 3 Sandf. Ch. 279; *Fannin* v. *McMullen*, 2 Abb. Pr. (N. S.) 224; *Crocker* v. *Higgins*, 7 Conn. 342; *Malins* v. *Brown*, 4 N. Y. 403; *Lee* v. *Lee*, 9 Pa. St. 169; *Johnson* v. *Hubbell*, 12 N. J. Eq. 332; *Van Duyne* v. *Vreeland*, 12 N. J. Eq. 142; *Parker* v. *Smith*, 1 Coll. Ch. 608.

*Emory Clark*, for respondent.

The contract is void as against the homestead act. *St. Peter Co.* v. *Bunker*, 5 Minn. 153, (191;) *Lindersmith* v. *Schwiso*, 17 Minn. 10, (28;) *Olson* v. *Orton*, 28 Minn. 36; Story on Eq. Jur. § 296.

There was not sufficient part-performance to take the case out of the statute of frauds. Gen. St. 1878, c. 41, §§ 10, 12; *Lanz* v. *McLaughlin*, 14 Minn. 55, (72;) *Comer* v. *Baldwin*, 16 Minn. 151, (172;) *O'Reilly* v. *Thompson*, 2 Cox, 271; Fry on Spec. Perf. §§ 403, 414; Story on Eq. Jur. §§ 761, 762; 3 Parsons on Cont. 394.

GILFILLAN, C. J. Appeal from an order overruling a demurrer to the answer. The action is to enforce specific performance of an oral agreement to convey real estate set forth in the complaint. The agreement was between plaintiff and defendant and one Darms, in substance as follows: Darms held defendant's note for $1,866.70, and sold it to plaintiff, and agreed to pay defendant $100, upon the latter conveying the real estate to plaintiff. Plaintiff agreed that, upon such conveyance, he would surrender the note to defendant, and defendant agreed that, as soon as he should make final proof of his claim to the land pursuant to the laws of the United States, he would, upon the payment to him of said $100, and the delivery to him of

said note, convey the land in fee-simple to plaintiff. The complaint alleges the payment of $65 of the $100, the tender, after such final proof was made, of the residue, and of delivery of the note, a demand for a conveyance, and a refusal by defendant to convey. The answer alleges that the agreement was oral, and relies on the statute of frauds as one defence, and, for another defence, alleges that, at the time of making said agreement, the defendant's sole interest in the land was by virtue of a "homestead entry" made by him, under the act of congress of May 20, 1862, entitled "An act to secure homesteads to actual settlers on the public domain," and the acts amendatory thereof, (U. S. Rev. St. §§ 2290, 2291;) claiming that the agreement was void under the provisions of said acts. The demurrer was to the whole answer as not stating a defence, and also to each defence on the same ground.

Had the agreement alleged in the complaint been valid, the matter alleged in the second answer would have been no defence. Restraints upon the right to alienate property are not favored, and the "homestead act" of congress contains no express prohibition of an alienation by an applicant for its benefits. Section 2290 requires one applying to make an entry under it to make an affidavit stating, among other things, that the application is made for his exclusive use and benefit, for the purpose of actual settlement and cultivation, and not, either directly or indirectly, for the use or benefit of any other person. Section 2291 provides that, before the patent shall issue, he shall make an affidavit that no part of the land has been alienated. It has been held that a conveyance between the time of the entry and of the application of the patent is not void by reason of these provisions. *Knight* v. *Leary,* 54 Wis. 459. Without expressing an opinion as to the correctness of that decision, we cite it to show how averse courts are to construe laws as prohibiting the right of any one to alienate what is his. The agreement in this case having been made after the affidavit required by section 2290, and before that required by section 2291, the first inquiry is, did it amount to an alienation within the meaning of the latter section? It was an agreement to convey, not before, but after, the patent should issue, and upon a consideration to be received at the time of the conveyance. The

plaintiff could not be entitled to a conveyance before the patent should have issued, nor then unless he performed or tendered performance on his part. It would be an abuse of terms to call this, of itself, an alienation. The agreement was, therefore, not void by reason of being prohibited by or contrary to the policy of the statute.

Nevertheless, if the complaint is bad, the plaintiff cannot complain that his demurrer to the answer was overruled. The sufficiency of the complaint depends on whether there was a part-performance of the oral agreement set forth in it, such as takes it out of the operation of the statute of frauds. It is now well settled that payment of the purchase-money is not generally enough for this purpose. Pomeroy on Contracts, § 112, and authorities in note, and §§ 113 and 114; Waterman on Spec. Perf. §§ 268, 269; Fry on Spec. Perf. § 403. Where specific performance of such agreements is decreed, notwithstanding the statute, it is on the ground that otherwise the statute would be made the means of committing a fraud; and the reason why payment in whole or in part will not, where it is in money, be deemed sufficient to take the case out of the statute, is that, the party having an adequate remedy by action to recover back the money, withholding performance will not operate as a fraud. And it is the same where the acts of part-performance consist in something other than the payment of money, if the party can be adequately compensated by recovery of damages—as where they consist in services rendered, if their value can be ascertained with reasonable accuracy. Pomeroy on Contracts, § 114. It is the same where the agreement is tripartite. It must appear that the party seeking specific performance will be defrauded unless it is decreed. If he has an adequate remedy at law, he cannot be defrauded. In this case the plaintiff has his action against defendant, to recover the amount of the note, and also an action as for money had and received, to recover the money which Darms paid defendant on his behalf. It would appear that these remedies are adequate to prevent a fraud being perpetrated on him by non-fulfilment of the agreement. Darms does not appear to have any interest in the fulfilment of it, and he is not here claiming it. The agreement was within the statute of frauds. The rule of courts of equity to decree compensation, where

it will not decree specific performance, has application only to a case where there is an agreement which the court would decree to be specifically performed, but for some condition of things, as want of title in defendant, which renders performance impossible. Such compensation was never decreed where there was no valid agreement.

Order affirmed.