SIMEON D. LEWIS *vs.* GEORGE W. WETHERELL.

February 2, 1887.

**Public Lands—Mortgage of Homestead after Certificate and before Patent.**—One making a "homestead entry" under the laws of the United States may, after receiving his final certificate, and before he receives a patent, make a valid mortgage upon the land.

Appeal by defendant from a judgment of the district court for Wadena county, where the action was tried by *Baxter*, J., without a jury. The action was brought by the purchaser at a mortgage sale against the mortgagor to recover possession after the year of redemption. It was begun in justice's court, and certified to the district court because involving a question of title.

*B. F. Hartshorn,* for appellant.

*Gates & Kelsey,* for respondent.

GILFILLAN, C. J. The defendant made a "homestead entry" upon a quarter-section of land under the laws of the United States, lived upon and improved the land, made the final proof, and on May 4, 1882, received the final certificate, entitling him to, and upon which he some time afterwards received, a patent for the land. May 6, 1882, he, with his wife, executed to plaintiff a mortgage upon the land, containing the usual power of sale and covenants of warranty, etc. February 13, 1885, plaintiff duly foreclosed the mortgage under the power, bid in the land at the sale, received the proper certifi-

cate of sale from the sheriff making the same, and there was no redemption.

The defendant claims that the mortgage was void, under the provisions in section 2296, Rev. St. U. S., that "no lands acquired under the provisions of this chapter shall, in any event, become liable to the satisfaction of any debt contracted prior to the issuing of the patent therefor." It was held in *Townsend* v. *Fenton*, 30 Minn. 528, (16 N. W. Rep. 421,) that an agreement made before the patent issued to convey the land after it should issue was valid; and in *Moore* v. *McIntosh*, 6 Kan. 39, that the party making the entry has, after he is entitled to a patent, but before it issues, a conveyable interest in the land; and in *Nycum* v. *McAllister*, 33 Iowa, 374; *Cheney* v. *White*, 5 Neb. 261; and *Jones* v. *Yoakam*, Id. 265,—that a mortgage executed by him, after he is entitled to a patent, but before it has issued, is valid. These cases we think were decided on a correct interpretation of the statute.

The provision we have quoted was manifestly intended for the protection of the party entering the land, to prevent its appropriation *in invitum* to the satisfaction of his debts, and not for the purpose of disabling him from dealing with it as his own, after he has acquired a right to it by complying with the terms of the law. The only restraint which the statute seems to impose on the party's power of disposition applies only to a time before he makes his final proofs. See section 2291. The mortgage was therefore valid.

Judgment affirmed.