[No. 584.   Decided January 29, 1889.]

WALTER J. BOGGAN AND IDA J. BOGGAN v. WILLIAM
REID.

PUBLIC LANDS — HOMESTEAD ENTRY — POWER TO MORTGAGE.

Section 4 of the act of congress granting homesteads to actual
settlers on public lands (Rev. St. U. S., § 2296), providing "that no

lands acquired under the provisions of this act shall in any event become liable to the satisfaction of any debt or debts contracted prior to the issuing of the patent therefor," does not prevent the settler from making a valid mortgage upon the land after receiving his certificate of entry, but before he receives a patent.

*Appeal from District Court, Asotin County.*

*James W. Reid,* for appellants.

*E. O'Neill,* for appellee.

The opinion of the court was delivered by

NASH, J. — This was a civil action brought by the plaintiff in the court below, appellee here, William Reid, against the defendants, Walter J. Boggan and his wife, appellants here, to recover the amount of two promissory notes — one note for $600, dated May 1, 1883, due October 1, 1886; and the other note for $72, dated May 1, 1883, and due October 1, 1886 — and to foreclose a mortgage executed on homestead entry of defendant Walter J. Boggan, acquired under act of congress to provide homes for actual settlers on the public domain, approved May 20, 1862, to secure said notes; the said notes having been executed prior to the issuance of patent for said entry by the government, and the consideration being for debts contracted prior thereto. The plaintiff in the court below filed his complaint for the recovery of the amount of said notes and the foreclosure of said mortgage. Defendants answered, admitting the execution of the said notes, and that they had not been fully paid; but averred that the land included in said mortgage was the homestead entry of defendant Walter J. Boggan, and that the said notes executed as aforesaid, and secured by said mortgage, were for debts contracted prior to the issuing of the patent to said defendant on November 20, 1883, by the government of the United States, and that the said land is not liable for the payment of the said debts contracted as aforesaid. Plain-

tiff moved to strike out defendant's answer on the ground that it was not verified, and was sham and frivolous, and contained no defense. The objection to the verification being withdrawn, the motion was overruled. Plaintiff then demurred to the answer on the ground that the same does not state facts sufficient to constitute a defense, and that the answer does not constitute a defense. The court sustained the demurrer, and defendants excepted and declined to file further answer, whereupon there was judgment for the plaintiff, and the defendants appealed to this court.

The execution of the notes and mortgage by appellants, and amount due and conditions alleged in the mortgage, are all admitted in this case by the pleadings. The only issue raised is that the land embraced in the mortgage was acquired by them under the act of congress of May 20, 1862, providing homesteads for actual settlers upon the public domain, and that patent for the land had not issued at the time of the execution of the notes and mortgage, and that the land is exempt from sale by § 2296, Rev. St. U. S.

There is no allegation in the answer that final proof had not been made, and in the consideration of this case we take it that final proof had been made at the time of the execution of the notes and mortgage, and that the parties were simply waiting for the patent to be issued in its regular order from the land office. The decision of the court below was not only right on principle, but is sustained by authority, both federal and state, and is also in harmony with the rulings of the department of the interior.

Section 4 of the act of congress granting homesteads to actual settlers on public lands, providing "that no lands acquired under the provisions of this act shall in any event become liable to the satisfaction of any debt or debts contracted prior to the issuing of the patent therefor," was not designed to restrict the right of the settler, or to disable him from mortgaging or otherwise conveying his interest before the issuing of the patent. *Nycum v. McAllister*,

33 Iowa, 374. BECK, C. J., who delivered the opinion, says: " The provision is intended as a shield for his protection, and is not a weapon for the destruction of any of his rights. In the case before us defendants did not desire to invoke its protection, but exercised their right to convey the land by the mortgage, thus creating a lien thereon. This lien, as it was lawfully imposed, must be enforced." To hold otherwise would not only be bad in law, but reprehensible in morals. *Lewis v. Wetherell*, 36 Minn. 386; 1 Am. St. Rep. 674; *Cheney v. White*, 5 Neb. 261; 25 Am. Rep. 487; *Jones v. Yoakam*, 5 Neb. 265; *Goddard v. Railway Co.*, 54 Wis. 548.

In the pre-emption law of the United States, after prescribing the manner in which the proof of settlement and improvement shall be made before the land is entered, is this proviso: "And all assignments and transfers of the right hereby secured, prior to the issuing of the patent, shall be null and void." In the case of *Myers v. Croft*, 13 Wall. 291, Justice DAVIS, in delivering the opinion of the court upon the question of patent, says:

"The object of Congress was attained when the pre-emptor went, with clean hands, to the land office, and paid the government for his land. Restriction upon the power of alienation after this would injure the pre-emptor, and could serve no important purpose of public policy. It is well known that patents do not issue in the usual course of business in the general land office until several years after the certificate of entry is given, and equally well known that nearly all the valuable lands in the new states, admitted since 1841, have been taken up under the pre-emption laws, and the right to sell them freely exercised after the claim was proved up, the land paid for, and the certificate of entry received."

This reasoning is equally applicable to homestead entries. *Smith v. Ewing*, 23 Fed. Rep. 741.

The decision of the court below in sustaining the demurrer is fully approved, and it is so ordered.

BURKE, C. J., and ALLYN, J., concur.