CELIA LANG *vs.* WILLIAM H. MOREY.

April 24, 1889.

**Homestead Entry—Mortgage before Final Proof.**—A person making an entry under the homestead laws of the United States may execute a valid mortgage upon land so entered, prior to submitting final proof and receiving the final certificate.

Appeal by plaintiff from an order of the district court for Dakota county, *Crosby*, J., presiding, refusing a new trial. The action was brought to cancel the mortgage mentioned in the opinion.

*E. A. Campbell* and *J. E. Waters*, for appellant.

*Stringer & Seymour*, for respondent.

COLLINS, J. The tract of land involved herein was entered at the proper land-office on the 18th of March, 1878, by one James Lang, under the provisions of the homestead law of 1862, (Rev. St. U. S. § 2290, *et seq.*) Upon the 13th day of December, 1881, Lang executed and delivered to the defendant herein, for a valuable consideration, a mortgage upon said premises, containing the usual covenants. October 14, 1883, he made final proof, receiving a certificate thereof, and upon June 15, 1884, a patent for said tract of land was issued to Lang by the general government. Later, but prior to the commencement of this action, the object of which is to cancel and set aside said mortgage, Lang conveyed the premises by warranty deed to the plaintiff. To state the case, and to call attention to three decisions of this court, *Townsend* v. *Fenton*, 30 Minn. 528, (16 N. W. Rep. 421,) *Red River, etc., R. Co.* v. *Sture*, 32 Minn. 95, (20 N. W. Rep. 229,) and *Lewis* v. *Wetherell*, 36 Minn. 386, (31 N. W. Rep. 356,) seems about all that is necessary. In the first of these cases it was held that an agreement made after the entry, but before final proof, to convey lands held under the homestead act when the patent should be issued, is valid. In the second it was decided that the entry by the homesteader is a contract of purchase; that thereupon he has an inchoate title to the land, which is property, a vested right, which can only be defeated by his failure to perform the condi-

tions affixed; that, if these are performed, he becomes invested with full ownership, and an absolute right to a patent, which, when issued, relates back to the time of the entry; while in the last it was determined that section 2296, Rev. St. U. S., which prescribes "that no lands acquired under the provisions" of the homestead act "shall, in any event, become liable to the satisfaction of any debt contracted prior to the issuing of the patent therefor," upon which plaintiff seems to rest her case, was manifestly intended for the protection of the entryman, to prevent the appropriation of the land *in invitum* to the satisfaction of debts incurred anterior to the issuance of the patent, and that a mortgage given upon a government homestead, so called, after a final certificate has been issued, but before the reception of the patent, is efficacious. As the section depended upon, above quoted, applies to proceedings against an unwilling party only, and there is no provision of the law expressly prohibiting the act which plaintiff seeks to avoid, we are unable, in view of the effect attributed to the making and filing of the affidavit of entry in *Townsend* v. *Fenton, supra,* to distinguish between mortgages executed prior and those executed subsequent to final proof and delivery of the final certificate. See *Spiess* v. *Neuberg,* 71 Wis. 279, (37 N. W. Rep. 417;) *Orr* v. *Stewart,* 67 Cal. 275, (7 Pac. Rep. 693.) The court below was right in its conclusion of law upon the admitted facts, and in refusing a new trial.

Order affirmed.