[ Filed January 9, 1890. ]

## ANTHONY HYDE, RESPONDENT, *v.* PATRICK HOLLAND, ET AL., APPELLANTS.

CASE APPROVED.—*Thompson* v. *Wolf*, 8 Or. 455, referred to and approved.

PRE-EMPTION CLAIM—SALE.—Where a party has fully complied with all of the require-ments of the laws of the United States granting pre-emptions to the settlers upon the public lands, and has paid the purchase money for the land settled upon, made final proof and received the receiver's certificate, such person may sell the lands thus acquired before the issuance of a patent, and the patent when issued inures to the benefit of his grantee.

QUEREAL—POSSESSION—WHETHER ADVERSE BEFORE PATENT ISSUES.—Can one hold a tract of land adversely before the issuance of a patent therefor by the United States, in cases where a patent is necessary to pass title?

APPEAL from the circuit court for Multnomah county.

This is a suit to quiet the title to certain parcels of land situate in Multnomah county, Oregon. The plaintiff pleads the necessary facts to bring his case within § 504, Hill's Code. The defendants all made default except Margaret and Patrick Holland. Their answer denies the plaintiff's allegations, and then alleges that the defendant Margaret Holland is the owner and in the possession of said premises. Said answer further alleges that the defendant Margaret Holland has been in the adverse possession of the same for more than ten years next before the com-mencement of this suit. The new matter in the answer was denied by the reply. Upon the trial the plaintiff offered in evidence a patent from the United States to Patrick Holland, dated August 20, 1884, for the S. E. ¼ of section 23, T. 1 N., R. 1 E. of Willam-ette meridian. (2) A certified copy of the record of a deed of general warranty, executed by Patrick Hol-land and Margaret Holland, his wife, dated September 19, 1871, conveying to the plaintiff, for the consideration of $4,000, the E. ½ of N. W. ¼ of section 23, T. 1 N., R. 1 E., excepting one acre theretofore conveyed to Mamie J. Atkin-son, and two acres to W. S. Chapman, the tract containing seventy-seven acres. (3) Certified copy of the record of deed of general warranty, executed by Holland and wife to plaintiff, for the consideration of $2,500, dated February

10, 1872, conveying to him the N. W. ¼ of the N. E. ¼ of section 23, T. 1 N., R. 1 E., containing forty acres    (4) Certified copy of the record of deed executed by Patrick Holland and wife to the plaintiff, dated April 17, 1872, conveying to him, for the consideration of $2,500, the N. W. ¼ of the N. E. ¼ of section 23, T. 1 N., R. 1 E., containing forty acres, which deed was dated April 17, 1872.    (5) Certified copy of the receiver's certificate, numbered 1,055, issued at the land office at Oregon City, dated July 19, 1871, acknowledging the receipt of $200 in full payment for the N. W. ¼ of section 23, T. 1 N., R. 1 E., containing one hundred and sixty acres, and upon which was endorsed an assignment and transfer to the plaintiff of all the right and title of the said Patrick Holland to the land therein described, dated April 17, 1872.    The original deeds from Holland and wife to the plaintiff were also offered in evidence. (6) Certified copy of the record of the deed from Patrick Holland and wife to W. S. Chapman, dated September 1, 1871, conveying the two acres of land which were excepted out of the plaintiff's first deed.    (7) Certified copy of the record of deed from W. S. Chapman to the plaintiff, dated September 3, 1872, for the two acres last above mentioned. Amongst other findings made by the court below were the following:    (10) That said premises are wild, unenclosed and unimproved lands, and no one was, at the time of the commencement of this suit, or is now, living upon them. (11) That the plaintiff is now, and was at the commencement of this suit, and has been since he purchased said premises aforesaid, and for more than ten years prior to the commencement of this suit, in the possession of said premises, and of all thereof, and has paid all the taxes thereon, except for one year, which were paid by the defendant Margaret Holland.    And the said plaintiff is the owner in fee simple of said lands.    (12) That said defendants, Margaret and Patrick Holland, have, at divers times since said patent was issued, caused wood to be taken from said premises, and have built a small cabin for woodchoppers, but said premises were unoccupied at the time

the suit was brought; that said acts of said Holland were in the nature of trespass, and did not amount to possession. A decree was entered in favor of the plaintiff, from which this appeal was taken.

*Charles H. Carey* and *W. L. Nutting,* for Appellants.

*Joseph Simon,* for Respondent.

STRAHAN, J.—A preliminary question was presented by the appellants on the argument here, and that was that the plaintiff had no such possession as would enable him to maintain this suit under § 504, Hill's Code. The only possession which the plaintiff shows is constructive possession, which follows the legal title, and that was held to be sufficient by this court in *Thompson* v. *Woolf,* 8 Or. 455.

2. The appellants next contend that at the time they made their deeds to the plaintiff their title to the lands was inchoate, and was not a vendible title; that inasmuch as the patent was issued to Patrick Holland after the date of such deeds, his title thus acquired remained in him and never passed to his grantee. Whether Holland's inchoate title passed to his grantee under his warranty deeds, or whether he is estopped by his deeds from claiming it, the result is the same. In neither event would he have any interest in the premises. *Lewis* v. *Witherell,* 31 N. W. Rep. 356; *Myers* v. *Croft,* 13 Wallace, 291; *Orr* v. *Stewart,* 67 Cal.; 275 *Callahan* v. *Davis,* 2 S. W. Rep. 216; *Boggan* v. *Ried,* 20 Pac. Rep. 425; *Lang* v. *Morey,* 42 N. W. Rep. 88; *Smith* v. *Ewing,* 23 Fed. Rep. 741; *Richards* v. *Snyder,* 11 Or. 501; *Wilson* v. *McEwen,* 7 Or. 87; 2 Estoppel, and Res Judicata, §§ 671, 672.

3. The only remaining question arises out of the answer of the defendant Margaret Holland setting up the statute of limitations as a defense to this suit. I have looked into this evidence and do not think enough is shown to establish the adverse possession relied upon. An occasional entry upon another's land, and the cutting and carrying away of timber growing thereon, are not enough to constitute adverse possession. Such acts alone do not

constitute possession. They have no continuity, and could only be regarded as several trespasses upon another's land. But while not necessary to a decision of this case, it may be queried whether there is not another question presented by this record which is equally decisive against the defense set up by Margaret Holland. This suit was commenced on the second of August, 1887. Patrick Holland's patent was issued August 20, 1884, and a patent was necessary to divert this title out of the United States in this case. If Margaret Holland's possession was adverse, when did the statute of limitations begin to run? Could it commence to run while the legal title still remained in the United States, or only after the issuance of the patent? In *Gibson* v. *Chouteau*, 13 Wall. 92, the court said: "With the legal title, when transferred, goes the right to possess and enjoy the land, and it would amount to a denial of the power of disposal in congress if these benefits which should follow on the acquisition of that title could be forfeited because they were not asserted before that title was issued."

And, in conclusion, the court said in the same case: "But neither in a separate suit in a federal court, nor in an answer to an action of ejectment in a State court, can the mere occupation of the demanded premises by plaintiffs or defendants for the period prescribed by the statute of limitations of the State be held to constitute a sufficient equity in their favor to control the legal title subsequently conveyed to others by the patent of the United States, without trenching upon the power in the disposition of the public lands. That power cannot be defeated or obstructed by any occupation of the premises, *before the issue of the patent*, under State legislation, in whatever form or tribunal such occupation be asserted." And such seems to be the effect of *Wilcox* v. *McConnell*, 13 Peters, 498; *Irvine* v. *Marshall*, 20 How. 558; *Lindsey* v. *Miller*, 6 Peters, 667; and in Buswell on Limitations and Adverse Possession, § 252, it is said: "No length or kind of occupation prior to the

issuing of a United States patent will be effectual to create an adverse possession as against the patentee."

So that in either view of the subject the decree of the court below was right and must be affirmed.