[No. 1450.]

THOMAS ORR, APPELLANT, v. GEORGE C. ULYATT,
RESPONDENT.

MORTGAGE—UNITED STATES HOMESTEAD ACT—EXEMPTION UNDER.—U. S.
Revised Statutes, sec. 2296, providing that no lands acquired under
the homestead act "shall in any event become liable to the satis-
faction of any debt contracted prior to the issuing of a patent
therefor," does not render invalid a voluntary incumbrance by mort-
gage, placed on said homestead prior to the issuance of a patent
therefor.

IDEM—LIEN NOT A CONVEYANCE.—Under the provision of General Stat-
utes, sec. 3284, providing that a mortgage shall not be deemed a
conveyance, a mortgage is not an alienation, but is a mere security
for a debt.

APPEAL from the District Court of the State of Nevada,
Washoe county; *A. E. Cheney*, District Judge:

Suit by Thomas Orr against George C. Ulyatt and others
to foreclose a mortgage. From a judgment exempting a
homestead from the operation of a mortgage lien, and from
the order denying a new trial plaintiff appeals. Reversed.

The facts sufficiently appear in the opinion.

*Robert M. Clarke*, for Appellant:

I.   It is defendant's contention that the mortgage of April
10, 1891, was void under section 2296 of the Revised Statutes
of the United States concerning homesteads, which provides
as follows: "No lands acquired under the provision of this
chapter shall in any event become liable to the satisfaction
of any debt contracted prior to the issuing of the patent
therefor." (Rev. Statutes U. S., sec. 2296.)

II.   It is plaintiff's contention that this section does not
forbid a *bona fide* mortgage upon the homestead premises
made by the homestead claimant; that defendant is estopped
by the terms of the mortgage, which grants, bargains, sells,
conveys and confirms the lands unto the said Thomas Orr,
his heirs and assigns forever.

III.   The act of congress does not in terms forbid the mort-
gaging of homestead property. The provision is that such
lands shall not "become liable to the satisfaction of any debt
contracted prior to the issuing of the patent." This provis-
ion is a simple exemption of the lands from liability, and

does not in any sense forbid the making of a *bona fide* and voluntary pledge upon the land to secure a *bona fide* debt. The question has been many times decided according to the contention of plaintiff. (*Lang* v. *Morey*, 40 Minn. 396; *Townsend* v. *Fenton*, 30 Minn. 528; *Red River R. Co.* v. *Sture*, 32 Minn. 95; *Lewis* v. *Witherill*, 36 Minn. 386; *Spiess* v. *Neuberg*, 71 Wis. 279; *Paige* v. *Pelais*, 70 Wis. 78; *Orr* v. *Stewart*, 67 Cal. 275; *Kirkaldie* v. *Larrabee*, 31 Cal. 455; *Nycum* v. *McAllister*, 33 Iowa, 374; *Fuller* v. *Hunt*, 48 Iowa, 163; *Cheney* v. *White*, 5 Neb. 261; *Jones* v. *Yoakam*, 5 Neb. 265; *Boygan* v. *Reid*, 20 Pac. R. 425; 40 Pac. R. 880; 12 Mont. 282.)

IV. It would be a great fraud upon the plaintiff to permit defendant to defeat the mortgage by pleading his own perfidy. The defendant having solemnly declared in his deed of mortgage that he was the owner of the land by title in fee, the court will not permit him to say he had not the title at the time he declared himself to be the owner or hear him say that the title has since been acquired. (*Kirkaldie* v. *Larrabee*, 31 Cal. 456; *Pierson* v. *David*, 1 Clarke (Iowa) 26; *Camp* v. *Smith*, 2 Minn. 173; *Hope* v. *Stone*, 10 Minn, 141; *Bush* v. *Marshall*, 6 How. (U. S.) 288; *Phelps* v. *Kellogg*, 15 Ill. 135; 67 Cal. 275–278; *Perkins* v. *Coleman*, 90 Ky. 511; *Pendill* v. *The Marquette County Agricultural Society*, 95 Mich. 491; *Spiess* v. *Neuberg*, 71 Wis. 279; *Norris* v. *Heald*, 12 Mont. 282; Herman, Estoppel and *Res Adjudicata*, vol. 2, p. 782, 783, sec. 647; *Elder* v. *Armstrong*, 87 Ind. 168; *Thompson* v. *Justice*, 88 N. C. 269.)

*Thomas E. Haydon*, for Respondent:

I. Under sections 2288, 2290 and 2296 of the Revised Statutes of the United States (revision of 1878), and under the general policy of the homestead act, the mortgage in this suit by all rules of construction is broadly and odiously contrary to the letter and spirit of said sections and to that of the act itself, and is consequently and necessarily null and void as to the west half of the southeast quarter of section two, township nineteen, range twenty east.

II. The law of congress in regard to the disposition of public lands is paramount. (*Lechler* v. *Chapin*, 12 Nev. 71.)

III. A title by patent passes to the patentee the unincum-

bered fee of the soil and wipes out all former titles. (*Vansickle* v. *Haines,* 7 Nev. 249. This case is only modified as to use of water by appropriation, by *Jones* v. *Adams,* 18 Nev. 88, and *Reno Smelting Works* v. *Stevenson,* 20 Nev. 275.)

IV. The mortgage in suit was an alienation or conveyance forbidden, by implication, by section 2288 under the maxim *expressio unius exclusio alterius*—that is, the homestead claimant may transfer portions of homestead for church, cemetery, school or right of way for railroads without vitiating his homestead. Evidently not for any other purpose.

V. Respondent refers the court to the case of *Barnard* v. *Boller,* 105 Cal. 214, which is a refreshingly logical and conclusive construction of section 2296 of the Rev. U. S. Statutes relating to homesteads. This decision holds that the homestead claim, under section 2296, can not be made liable for the payment of a debt contracted after proving up and delivery of the duplicate receipts, but before the issuance of the patent, and adds: "Congress has in plain and direct terms exempted the 'homestead' land from the debts of its owner or claimant up to the happening of a specific event, viz.: to the issuing of the patent therefor."

VI. The cases of *Kirkaldie* v. *Larrabee,* 31 Cal. 455, and *Orr* v. *Stewart,* 67 Cal. 275, are in effect overruled by the case of *Moffat* v. *Bulson,* 96 Cal. 109, where it is held that a contract to sell and convey lands, taken under the homestead laws before final proof, is illegal, and in that case held void a mortgage on other lands because the mortgagee in the same oral contract agreed to convey a homestead claim when he should prove up and obtain title to such homestead claim.

VII. Section 3284, Gen. Laws of Nevada, only limits the operation of a mortgage as a conveyance so that the mortgagee shall only recover possession of the real property by foreclosure and sale.

VIII. It is against the policy of the U. S. homestead laws to permit a conveyance of any part of the homestead, and any agreement to convey or conveyance by the homesteader is therefore void. (*Nichols* v. *Council,* 51 Ark. 26; *Cox* v. *Donnelly,* 34 Ark. 762; *Sorrells* v. *Self,* 43 Ark. 451; *Shorman* v. *Eakin,* 47 Ark. 351; *Marshall* v. *Cowles,* 48 Ark. 362;

*McCue* v. *Smith*, 9 Minn. 252; *Woodbury* v. *Dorman*, 15 Minn. 338.)

By the Court, BELKNAP, J.:

This is a suit of foreclosure.

The mortgaged property consists in part of a homestead entered March 26, 1885, under the law of congress.

The mortgage was made April 10, 1891, and before final proof. Patent was issued January 30, 1892. Defenses were interposed by answer, but the court in its written findings found in favor of appellant upon all issues, and ordered judgment in his favor except as to so much of the mortgaged premises as are embraced by the homestead claim. The property was originally mortgaged by respondent in the year 1883, and the present debt is a renewal of the former debt. These transactions do not influence the matter. The question is whether the homestead property is liable on this suit.

Section 2296, Rev. Stats. U. S., provides "that no lands acquired under the provisions of this chapter shall in any event become liable to the satisfaction of any debt contracted prior to the issuing of a patent therefor."

This provision has frequently been a subject of judicial construction. *Nycum* v. *McAllister*, 33 Iowa, 374, was a suit to foreclose a mortgage given upon a homestead under the law of congress. The defense was that under the provisions of section 2296 above quoted, the mortgage could not be enforced. The court in that case said: "The question presented for our decision is, whether a homestead, taken under the act of congress, may be conveyed by mortgage, executed by the homestead settler, to secure a debt contracted prior to the issuing of the patent for the land. * * * Does the provision of the act of congress just referred to render invalid a mortgage upon the homestead settler's interest, in case no patent has been issued to him? The provision is clearly intended for the protection of the settler. It is not a limit or restriction upon the right he acquires to the land, neither does it operate as a disability, forbidding the sale or transfer of his interest in the land. This view is certainly correct, in case the settler has done all the law requires him to do in order to obtain a patent, when he has a right to the patent,

and it has not been withheld through his fault. In such a case his right to the land would be full and complete. Now, the provision in question is not a restriction upon his right— it is not a limit upon his right—to dispose of the land in a manner recognized by the law. The law recognizes his right to convey his land by mortgage. Such an instrument, when executed in a valid form upon his homestead, must be enforced. The provision is intended as a shield for his protection, and is not a weapon for the destruction of any of his rights."

Again, in *Fuller* v. *Hunt*, 48 Iowa, 163, the question was presented, whether one who had entered a homestead claim could mortgage it prior to the time he was entitled to make final proof. It was claimed that under the provisions of section 2296, above quoted, that the homestead was not liable for a mortgage made prior to the issuance of the patent. Said the court: "If the land is liable at all, it is by notice of the act by which the debtor undertook to create a special lien upon it, and we have to say that we think the debtor's act had that effect. Mere exemptions from execution do not prevent the debtor from creating such lien. Exemptions are provided merely for the debtor's protection. Such is the general rule, and such, it appears to us, is the intention of the homestead act. The only reason suggested why the claimant under the homestead act should not be allowed to mortgage his homestead is that it would be against public interest. But the fact that the act provides against alienation by the claimant, and does not provide against mortgaging, unless alienation includes mortgaging (a point which will be hereafter considered), indicates that it was not deemed to be against the public interest that the claimant should mortgage his homestead."

In *Lang* v. *Morey*, 40 Minn. 396, it was decided that a person making a homestead entry may mortgage it prior to submitting final proof. In deciding the case the court called attention to its previous decisions upon the same subject— *Townsend* v. *Fenton*, 30 Minn. 528; *Red River, etc.* v. *Sture*, 32 Minn. 95, and *Lewis* v. *Wetherell*, 36 Minn. 386—and said: "In the first of these cases it was held that an agree- ment made after the entry, but before final proof, to convey

lands held under the homestead act when the patent should be issued, is valid. In the second it was decided that the entry by the homesteader is a contract of purchase; that thereupon he has an inchoate title to the land, which is property, a vested right, which can only be defeated by his failure to perform the conditions affixed; that, if these are performed, he becomes invested with full ownership, and an absolute right to a patent, which, when issued, relates back to the time of the entry; while in the last it was determined that section 2296, Rev. Stats. U. S., which prescribes 'that no lands acquired under the provisions' of the homestead act 'shall, in any event, become liable to the satisfaction of any debt contracted prior to the issuing of the patent therefor,' upon which plaintiff seems to rest her case, was manifestly intended for the protection of the entryman, to prevent the appropriation of the land *in invitum* to the satisfaction of debts incurred anterior to the issuance of the patent, and that a mortgage given upon a government homestead, so called, after a final certificate has been issued, but before the reception of the patent, is efficacious. As the section depended upon, above quoted, applies to proceedings against an unwilling party only, and there is no provision of the law expressly prohibiting the act which the plaintiff seeks to avoid, we are unable, in view of the effect attributed to the making and filing of the affidavit of entry in *Townsend* v. *Fenton, supra,* to distinguish between mortgages executed prior and those executed subsequent to final proof and delivery of the final certificate."

In *Cheney* v. *White,* 5 Neb. 261, and in *Jones* v. *Yoakam,* 5 Neb. 265, it was decided that a homestead settler under United States laws after making final proof may mortgage the homestead, notwithstanding the patent has not been issued.

In *Jones* v. *Yoakam* the court said: "All that congress could have intended by this section (2296) was, that the owner of such homestead should not be deprived of the land by virtue of legal process founded on a debt contracted before the patent has issued. It is not intended to do more than protect him against the compulsory payment of such a debt. Mark the language employed: 'No land  * * *  shall be

liable,' etc., that is, bound or answerable, in law or equity. It was intended simply as a protection and benefit to the owner of the homestead, and not as a prohibition upon his right of alienation, by deed or mortgage, and for any valuable consideration which he may choose to accept. It is a benefit which he may waive or claim at his own option." See, also, *Spiess* v. *Neuberg*, 71 Wis. 279; *Kirkaldie* v. *Larrabee*, 31 Cal. 456; *Orr* v. *Stewart*, 67 Cal. 275.

In this state it is provided by statute that a mortgage of real property shall not be deemed a conveyance, whatever its terms, so as to enable the owner of the mortgage to recover possession of the land without a foreclosure and sale. (Sec. 3284, Gen. Stats.)

Under the provisions a mortgage is not an alienation, but a mere security for a debt.

In *Fuller* v. *Hunt* this objection was considered as follows: "The giving of a mortgage may result in alienation, but it is not such of itself, nor can it be said that the mortgage is given with such purpose. Land is often mortgaged with the view of obviating the necessity of alienation The office of a mortgage is simply to create a lien. Under our statute the legal title remains in the mortgagor, though the case would not probably be different if it passed to the mortgagee. A conveyance made merely to create a lien lacks the essential element of alienation."

The order of the district court denying a new trial must be reversed, and an order made directing that court to enter a decree in conformity with the views herein expressed. And it is so ordered.