[Decided at PENDLETON July 31, 1897.]

## HOWARD *v.* RECKLING.

(49 Pac. 961.)

PUBLIC LANDS—MORTGAGE OF HOMESTEAD CLAIM.—The homestead act (Rev. St. U. S. § 2296), providing that no lands acquired thereunder "shall in any event become liable to the satisfaction of any debt contracted prior to the issuing of the patent therefor," merely prevents the unwilling appropriation of the land to the satisfaction of such debts, and does not prevent the homestead claimant, after issuance of the final certificate, and before patent, from giving a mortgage on the land for a debt then contracted or theretofore existing.

From Baker: ROBERT EAKIN, Judge.

Suit by Wm. H. Howard against Ferdinand Reckling and others to foreclose a mortgage. Defendants

appeal from an order sustaining a demurrer to their answer.

                              AFFIRMED.

*Messrs. King & Saxton*, for appellants.

*Mr. Frank L. Moore*, for respondent.

Opinion by MR. JUSTICE WOLVERTON.

This is a suit to foreclose a mortgage on a homestead claim executed by the patentee thereof to plaintiff March 8, 1895, to secure certain indebtedness by him then contracted. The defendants answered, setting up as a defense thereto, that final proof touching said premises was made October 3, 1894, and that the patent was not issued until July 17, 1895, and therefore, that the premises could not be subject to the payment of such indebtedness. To the answer a demurrer was interposed and sustained, and the action of the court in this regard constitutes the only assignment of error. The sole question thus presented is whether a homestead claimant may lawfully incumber his claim with a mortgage to secure indebtedness contracted subsequent to the date of the final certificate and prior to the issuance of the patent. The homestead act provides, among other things, that no lands acquired under its provisions "shall in any event become liable to the satisfaction of any debt contracted prior to the issuing of the patent therefor:" Rev. St. U. S. § 2296. This provision of the statute was manifestly designed for the protection of entry men, and to prevent the appropriation of the land in *invitum* to the satisfaction of any debts in-

curred anterior to the issuance of the patent therefor. It is not a limitation or restriction upon any rights the settler may acquire in the land, nor does it operate as a disability forbidding the sale or transfer of his interest therein.   It was, as is said by BEACH, J., in *Nycum* v. *McAllister*, 33 Iowa, 374, "intended as a shield for his protection, and is not a weapon for the destruction of any of his rights."   The authorities seem to be uniform in this interpretation of the statute, and, in so far as we have been able to find any case in point, they all hold that after the issuance of the final certificate, and before patent, the claimant may execute a valid mortgage upon the land to secure a debt contracted at the time or theretofore existing: *Orr* v. *Ulyatt* (Nev.) 43 Pac. 916; *Boggan* v. *Reid*, 1 Wash. 514 (20 Pac. 425); *Townsend* v. *Fenton*, 30 Minn. 528 (16 N. W. 421); *Spiess* v. *Neuberg*, 71 Wis. 279 (5 Am. St. Rep. 211, 37 N. W. 417); *Kirkaldie* v. *Larrabee*, 31 Cal. 455 (89 Am. Dec. 285); *Orr* v. *Stewart*, 67 Cal. 275 (7 Pac. 693); *Lewis* v. *Wetherell*, 36 Minn. 386 (1 Am. St. Rep. 674, 31 N. W. 356); *Lang* v. *Morey*, 40 Minn. 396 (12 Am. St. Rep. 748, 42 N. W. 88); *Cheney* v. *White*, 5 Neb. 261 (25 Am. Rep. 487); and *Jones* v. *Yoakam*, 5 Neb. 265.   It is sought to distinguish these cases as not applicable to the question in this jurisdiction, because it has been determined here that a mortgage is not a conveyance, but creates a lien only upon the land mortgaged; but several of the cases cited are from states whose courts hold the same doctrine, and the purpose of the statute being to prevent the appropriation of the land against an unwilling party, and not where it has been volun-

tarily incumbered by him, it is clear that there can be no distinction in the principle, as there is none under the authorities. Let the decree of the court below be affirmed.

AFFIRMED.

[Decided at PENDLETON July 31, 1897; rehearing denied.]