Argued December 13, 1933; reversed January 2, 1934

## CITY OF PORTLAND *v.* HURST ET AL.

(28 P. (2d) 217)

*Guy L. Wallace,* of Portland (Will H. Masters, of Portland, on the brief), for appellants.

*Frank S. Grant,* City Attorney, and *Willametta McElroy,* Deputy City Attorney, both of Portland, for respondent.

RAND, C. J.  The city of Portland brought this suit in equity to have determined an adverse claim of the defendants to two lots within the city. The suit was brought pursuant to section 6-1001, Oregon Code 1930, which provides as follows: "Any person claiming an interest or estate in real estate not in the actual possession of another may maintain a suit in equity against another who claims an interest or estate therein adverse to him, for the purpose of determining such conflicting or adverse claims, interests, or estates."

The city, in its complaint, in substance alleged that it was a municipal corporation; that defendants were husband and wife; that it was the owner in fee of the two lots, describing them; that the lots were not in the actual possession of anyone other than plaintiff; that the defendants claimed some right, title or interest therein adverse to plaintiff, and prayed that its title be quieted and the defendants be enjoined from asserting any further claim or interest in or to said lots.

By their answer, the defendants denied that the city was the owner of the lots or in the actual possession of them, and alleged that the defendants were the owners of the lots and in the actual possession of them, and prayed that their title be quieted.

Instead of filing a demurrer or reply to the answer, and without asking leave of the court to file an amended complaint setting up the matters next referred to, the city filed a motion supported by affidavits that the defendants be required to tender and pay into court certain specific sums of money which the affidavits showed the city had paid in purchasing these lots at six delinquent tax assessment sales, and also that they be required to tender and pay into court certain alleged accrued interest, penalties and costs as prescribed by a certain ordinance of the city, and, upon defendants' failure so to do, that their answer be stricken from the records.

The lower court granted the motion and made and entered an order requiring the defendants on or before a certain prescribed date to tender and pay into court all said sums of money, and further providing that, if said moneys were not so paid on or before the date fixed, the answer of the defendants be stricken from the files. The defendants having failed to comply with the order, the trial court made and entered a decree

striking out the answer, holding the defendants to be in default and granting to the city the relief prayed for in its complaint. From this decree, the defendants have appealed.

It appears from the affidavits filed by the city in support of its motion that these lots had been previously sold for delinquent tax assessments and had been purchased by the city and that these sales, six in number, constituted the basis of the city's title and claim to the lots. It further appears that the action of the trial court, in striking the answer from the files, was based on a certain charter provision or ordinance of the city which provides as follows:

"Every action, suit or proceeding which may be commenced for the recovery of land which shall have been sold by * * * the City Treasurer of said city * * * for an assessment or tax or to quiet the title of the former owner or his successors in interest against said sale, or to set aside such sale, or to remove the cloud thereof, except in cases where the assessment or tax for which the land has been sold was paid before the sale, or the land redeemed as provided by law, shall be commenced within three years from the time of recording the deed executed by * * * the City Treasurer * * * and not thereafter. And in any such action, suit or proceeding, whether before or after the issuance of the deed, the party claiming to be the owner as against the party claiming under such sale, must tender with his first pleading in such case and pay into court at the time of filing such pleading the amount of the purchase price for which the lands were sold by the * * * City Treasurer * * * together with the penalties prescribed by law at the time of such sale, * * * together with interest thereon at the rate of ten per cent per annum from the respective times of the payment of such purchase price, * * * by said purchaser, or his heirs or assigns, as the case may be, up to the time of the filing of such pleading to be paid to such purchaser, his

heirs or assigns, in case the right or title of such purchaser at such sale shall fail in such action, suit or proceeding.''

The above is denominated in the city's brief as section 151 of the Charter Ordinances of the city of Portland, as revised by the council August 19, 1914. This was a part of a former legislative charter which the people under the initiative power have continued in force, not as a part of the present charter but as an ordinance of the city subject to amendment or repeal by the city council and was at the time in full force and effect.

It is not necessary for us to decide at this time the extent, if any, of the application of this city enactment to the facts of this case, nor the validity, force or effect thereof. This enactment is not mentioned or referred to in the complaint and there are no facts alleged which bring the city within its operation. The complaint is based wholly upon the provisions of the statute. It merely avers ownership in the city and that the lots are not in the actual possession of anyone other than the city. Both of these allegations are denied by the answer and it is therein alleged that the defendants are the owners of the property and that the lots are not in the actual possession of any other person than the defendants themselves. This presented an issue which could not be determined on motion and ex parte affidavits. It could only be determined after a trial of the cause and upon evidence offered at the trial and then only upon evidence which was material to the issues made by the pleadings. If the city had desired to have determined in the suit the matters referred to in the affidavits, it should have alleged those matters in its pleadings and given notice

to the defendants of the grounds upon which such relief was claimed.

Under the statute, absence of actual possession in any other person except the plaintiff himself is a prerequisite to the maintenance of the suit. It is a condition precedent which must be both alleged and proved in order to give the court jurisdiction over the cause. And if it is established upon the trial that the property is in the actual possession of the defendants, plaintiff's suit must fail and plaintiff's remedy, if he has one, must be by ejectment. Such an issue as that presented here can only be determined upon the trial of the cause and in the manner that other equity suits are tried. There was no such trial had in the court below. Under the issues presented by these pleadings, the first question for determination was: Who was in the actual possession of the property? After that question had been determined, which of the parties, if any, was the owner of the property? In merely determining those issues, no payment or tender into court of any sum of money was necessary and no reference to the provisions of any ordinance or city enactment was proper, unless the issues presented by the pleadings rendered it proper. Had the matters upon which the city relied been properly pleaded, then the question could have been determined but until these matters were pleaded the court had no right to dispose of the cause on motion and ex parte affidavits.

We are not holding that, under the issues made by the pleadings, the possession and ownership of this property could not have been determined, for those matters could have been determined in this suit. We are merely holding that, before the city could be entitled in a suit of this character and one brought under

this statute to compel the defendants to tender any moneys into court as a condition precedent to their making a defense in the suit, it must first allege the facts that entitle it to such relief, and those facts were not alleged in this suit. The decree, therefore, must be reversed. The cause will be remanded to the court below for such further proceedings as are not inconsistent herewith, and either or both parties may amend their pleadings if they so desire. It is so ordered.

BEAN, CAMPBELL and BAILEY, JJ., concur.