Argued May 8, reversed with directions July 5, petition
for rehearing denied July 30, 1974

HALL ET AL, *Appellants, v.* SMITH ET AL,
*Respondents.*
523 P2d 1254

*William B. Wyllie,* Salem, argued the cause and filed briefs for appellants.

*John A. Boock* of Boock & Boock, Albany, and *William E. Brickey* of Weatherford, Thompson, Horton & Jordan, P.C., Albany, argued the cause and filed a brief for respondents.

O'CONNELL, C. J.

This is a suit under ORS 105.605[1] in which plaintiffs seek to quiet title to a parcel of land in Lincoln County. On defendants' motion, the trial court dismissed plaintiffs' suit with prejudice. Plaintiffs appeal.

The parcel in dispute is a strip of land approximately 50 x 1100 feet lying between Bayshore subdivision on the south and Sandpiper subdivision on the north. Bayshore was subdivided in 1964. At that time the description under which Bayshore held title included the strip in dispute, but when the subdivision was platted the surveyors used the wrong marker as the northeast corner and consequently left unplatted the 50 x 1100 foot strip in question. The recorded plat designates the area encompassing this strip as "Not Platted" and "Not Owned."

In making the erroneous survey, the surveyors also included in the plat a four-foot strip of land owned

---

[1] ORS 105.605 reads, in part, as follows:

"Any person claiming an interest or estate in real property not in the actual possession of another may maintain a suit in equity against another who claims an adverse interest or estate therein for the purpose of determining such conflicting or adverse claims, interests or estates. * * *"

by the plaintiffs to the east of the Bayshore property. When plaintiffs discovered the encroachment they entered into negotiations with Bayshore which culminated, it appears, in an exchange whereby plaintiffs quitclaimed their interest in the four-foot strip to Bayshore in return for a quitclaim of Bayshore's interest in the land lying between its north line as platted and the true north line as described in its deed. Subsequently, the Sandpiper subdivision was developed to the north of Bayshore. The developers apparently assumed that the south line of Sandpiper was coincident with the north line of Bayshore. Plaintiffs brought the present suit to refute defendants' claim and to quiet their asserted title.

Plaintiffs' original complaint alleged that "[p]laintiffs are the owners in fee simple and entitled to possession of the following described property." Defendants demurred to the complaint on the ground of lack of jurisdiction and failure to allege facts sufficient to constitute a cause of suit. The trial court expressed the view that an allegation asserting only that plaintiffs were entitled to possession was insufficient to give a court of equity jurisdiction and that it was necessary to allege plaintiffs' possession. Accordingly, plaintiffs amended their complaint to read, "[p]laintiffs are the owners in fee and in possession of the following described property." Defendants filed an answer in the form of a general denial and an affirmative defense asserting ownership and possession of the strip. Thereafter, defendants renewed the demurrer previously mentioned, which was again overruled.

■ Plaintiffs, having amended their complaint, were permitted to put on their case. They adduced evi-

dence relating to the erroneous Bayshore survey, the source of their claimed interest, the acts relied upon as the basis for their possession, and the facts relating to defendants' asserted possession. On the first two points, plaintiffs' evidence was sufficient to establish their paper title to the disputed strip. At the time Bayshore executed the quitclaim deed to plaintiffs, Bayshore had the record title to the strip. That title passed by quitclaim deed. The deed described the strip as being the property lying north of the north line of the Bayshore subdivision as platted. The plat clearly designates the north line of the subdivision as lying south of the true line marking the north line of Bayshore's property. This being the case, defendants' argument that there was no land upon which the quitclaim deed could operate must fail. This claim would have merit only if the subdivision as platted were deemed to embrace the area designated on the plat as "Not Owned" and "Not Platted." We can find no basis for so concluding.

It follows that plaintiffs would be entitled to maintain this suit if all procedural requirements have been met and would be entitled to have their title quieted in the absence of a superior title in defendants.

The trial court dismissed plaintiffs' suit on the ground that they had not fulfilled the necessary procedural requirements. Specifically, the trial court held that plaintiffs failed to establish their possession of the strip and that this constituted a "jurisdictional defect" in their cause of suit. The court relied upon *City of Portland v. Hurst,* 145 Or 415, 28 P2d 217 (1934), where the court said, in dictum:

"Under the statute, absence of actual possession in any other person except the plaintiff himself

is a prerequisite to the maintenance of the suit. It is a condition precedent which must be both alleged and proved in order to give the court jurisdiction over the cause. And if it is established upon the trial that the property is in the actual possession of the defendants, plaintiff's suit must fail and plaintiff's remedy, if he has one, must be by ejectment. Such an issue as that presented here can only be determined upon the trial of the cause and in the manner that other equity suits are tried. * * *" 145 Or at 419.

■ It appears that the trial court construed the phrase "absence of actual possession in any other person except the plaintiff himself" in *City of Portland v. Hurst, supra,* as requiring actual possession by the plaintiff. This is not a correct interpretation of the *Hurst* case;[2] the correct rule is that plaintiff may maintain a suit to quiet title whenever an adequate remedy at law is not available and this may be true where the plaintiff is not in actual possession. Stated differently, a plaintiff not in actual possession may quiet his title as against a defendant who is not in possession.[3]

■ In the present case, plaintiffs did not adduce sufficient evidence to establish actual possession by

[2] There are statements in some of our cases which appear to support the trial court's misconception. However, these cases arose under § 500 of Deady and Lane's, General Laws of Oregon, later § 504, Hill's Code, which, unlike ORS 105.605, required plaintiff to be "in possession, by himself or his tenant." *See, e.g.,* O'Hara v. Parker, 27 Or 156, 39 P 1004 (1895); Coolidge v. Forward, 11 Or 118 (1884). Nevertheless, even this statute was subjected to contrary construction. *See, e.g.,* Hyde v. Holland, 18 Or 331 (1890); Thompson v. Woolf, 8 Or 454 (1880).

[3] Of course, as noted in City of Portland v. Hurst, 145 Or 415, 28 P2d 217 (1934), the defendant in actual possession would be entitled to insist that the respective rights of the parties be disposed of at law in an action for ejectment. O'Hara v. Parker, *supra* note 2; Lewis v. Soule, 52 Iowa 11, 2 NW 400 (1879).

them. However, for the reasons just stated, this did not put an end to the matter, for unless it appeared that defendants were in actual possession, plaintiffs would still be entitled to maintain this suit. The evidence supports plaintiffs' position. On direct testimony, plaintiffs' witnesses testified that no possession by others was visible on the disputed strip. On cross-examination of these witnesses, it was developed that two oiled roads had been constructed on it by someone (probably in connection with the Sandpiper subdivision); that at one time there may have been a "for sale" sign and a "Sandpiper Village" sign on the parcel in question; and that there had been some clearing and planting by someone in that area (probably in connection with the Bayshore subdivision prior to plaintiffs' settlement with Bayshore). Because defendants chose to rest without putting on any evidence, these facts are the only indication that defendants were in possession of the disputed property. Such evidence was insufficient to establish actual possession in defendants. Consequently, we hold that the trial court erred in dismissing plaintiffs' complaint. Moreover, since plaintiffs have established record title through the conveyance from Bayshore and no evidence was produced to establish actual possession or title in defendants, plaintiffs are entitled to have their title quieted. This leaves open the question of the easement rights of defendants or others over the parcel in question.

Reversed with directions to enter a decree for plaintiffs.