OWEN COLEMAN *vs.* LEANDER J. McCORMICK.

July 8, 1887.

**Homestead Entry—Exemption.**—When a settler upon public lands, under the homestead law of the United States, dies before acquiring title, having devised the homestead, the devisee, perfecting his title, pursuant to U. S. Rev St. § 2291, acquires the land exempt from liability for prior debts, as provided in U. S. Rev. St. § 2296.

**Adverse Claims to Real Estate—Estoppel to Deny Title.**—A party to an action, seeking to sustain a title in real estate derived only from the adverse party, will not be heard to deny that such adverse party ever had any title.

Plaintiff brought this action in the district court for Swift county, to determine the title to certain land. The action was submitted upon stipulated facts, which are in substance stated in the opinion, and judgment was directed by *Brown*, J., in favor of plaintiff, from which judgment defendant appeals.

*S. H. Hudson*, for appellant.

*Fielder B. Chew*, for respondent.

DICKINSON, J. In October, 1879, Margaret Murray, a widow without children, lawfully entered the land in controversy (160 acres) as a homestead, under the laws of the United States. From that time until her death, some time prior to May, 1885, she continued to occupy and cultivate the land as a homestead; but at the time of her death she had not made final proof of her compliance with the prescribed conditions of the homestead law. Before her death she devised her interest in the land to this plaintiff, who was one of her two brothers. The plaintiff, as an heir and devisee of Margaret Murray, continued the cultivation of the land, under the entry made by her, until May 28, 1885, when he made final proof, and received the usual final receipt. After this the land was levied upon and sold to the defendant, under execution issued upon a judgment recovered by the defendant against the plaintiff in 1882. Prior to the time when the plaintiff made his proof at the land-office in respect to this land, he

had entered another tract of land as a homestead, and had made final proof, and secured a patent of the same. The sole question here presented is as to whether the lands thus acquired by the plaintiff were exempt from liability for his debts previously contracted.

It does not distinctly appear whether Margaret Murray had, at the time of her death, completed the five-years occupancy necessary to entitle her to a patent; but, as we construe the law, this is not material. The homestead law (U. S. Rev. St. § 2291) provides that if, at the expiration of five years from the date of the homestead entry, or at any time within two years thereafter, "the person making such entry, or, if he be dead, his widow, or, in case of her death, his heirs or devisee, or, in case of a widow making such entry, her heirs or devisee, in case of her death, proves by two credible witnesses that he, she, or they have resided upon or cultivated the same for the term of five years immediately succeeding the time of filing the affidavit, * * * then, in such case he, she, or they, if at that time citizens of the United States, shall be entitled to a patent, as in other cases provided by law." Section 2296 of the same chapter reads: "No lands acquired under the provisions of this chapter shall in any event become liable to the satisfaction of any debt contracted prior to the issuing of the patent therefor." The plaintiff's title was acquired "under the provisions of this chapter," and, according to the terms of the law, it was exempt. The statute provides specifically for the acquisition of a patent by the homestead settler, or, in case of his death, by his widow, or, she having died, by his heirs or devisee, or, in case the entry is by a widow, then, upon her death, by her heirs or devisee. Bearing in mind the specific provision thus made, empowering these different classes of persons to secure the title under this law, it is difficult to construe the unqualified language of the exemption as being applicable to one of the specified classes, but not to the others. It is, of course, effectual as to the original homestead settler. There would seem, too, to be no doubt of its applicability, where the widow of the settler, or, she dying, his minor children, the members of his family, perfect the title in themselves, so that they would hold the land free from liability for any prior debts which they might have contracted. Such cases are clearly within the beneficent purpose of the

homestead law, and within the terms of the section declaring the exemption.

It may be said that the law was not framed for the benefit of more remote heirs of the homestead settler, not members of his family, and not dependent upon him for support, nor for the benefit of devisees not of kin to the testator, and that, therefore, the exemption does not attend the title acquired by such persons. But it is impossible by any process of judicial construction to determine that the exemption, which in terms is applicable to heirs and devisees without distinction, was intended to apply only in favor of certain heirs or devisees, and was not applicable as to others. The statute affords no indication that any distinction is to be made, nor anything by which a court could be guided in declaring what patentees under this law are within the exemption, and what are not. Such distinctions can only be made arbitrarily, and this would not be construction, but legislation. Upon what ground, for instance, could it be declared that the exemption is effectual as to minor heirs, or to those who were dependent upon the homestead settler for support, but that it is inapplicable as to others? or that a widow or child to whom the settler has made devise may acquire the patent with the benefit of the exemption, but that as to a father, a mother, a brother, who as devisee acquires the patent, the exemption does not apply? We are of the opinion that as to the widows, heirs, or devisees of deceased homestead settlers, acquiring title in accordance with section 2291, no distinction is to be made as to the attendant exemption; but that it is effectual in favor of all. Giving this effect to the law according to its plain terms will doubtless result in the acquisition of some patent titles, with the attendant exemption, by persons other than those for whose benefit the homestead law was especially designed; but such cases will be relatively few, and they are the incidental results of the policy of congress to impose no limitation or distinction as respects the inheritance of the homestead, or the power of the settler to transmit by devise, even before his own title has been perfected.

Section 2298 provides that "no person shall be permitted to acquire title to more than one quarter-section under the provisions of this chapter." The defendant is in no position to claim that this section

forbade the plaintiff to acquire this title under section 2291; for the defendant's claim in respect to the land is based upon the fact that the title was in the plaintiff. If the plaintiff was entitled to acquire the land under section 2291, notwithstanding he had previously exercised his homestead right, he took the title with the attendant exemption.

Judgment affirmed.