## COUNTY OF POLK *vs.* JOHN HUNTER.

### January 9, 1890.

**Taxes—Suspended Pre-emption Entry.**—A pre-emption claimant under the laws of the United States made final proof, paid for his land, and received from the proper officer a final receipt or certificate. Subsequently the commissioner of the general land-office suspended further proceedings in regard to such entry solely because of an irregularity in the method of making said final proof, and directed that further proof be submitted. *Held* that, as against the pre-emptor, the land was subject to taxation from the date of the receipt, notwithstanding the fact that the order in respect to further proof had not been complied with.

In proceedings in the district court for Polk county, to enforce payment of real-estate taxes remaining delinquent on the first Monday in January, 1888, the defendant Hunter filed an answer, and the cause was tried by *Mills,* J., who found the facts as stated in the opinion, and that defendant was entitled to judgment adjudging the tax on the land in question null and void, and thereupon, on application of the county attorney, the case was certified to this court.

*Moses E. Clapp,* Attorney General, and *D. D. Williams,* for the State.

*P. C. Schmidt,* for defendant.

COLLINS, J. The defendant above named resists the entry of judgment in proceedings to enforce the collection of taxes remaining delinquent against certain real property, upon the ground that the same is public land, belonging to the general government, and therefore not taxable. Organic Act, § 6; Gen. St. 1878, c. 11, § 5, subd. 3. The finding of fact discloses that on or about April 23, 1886, prior to the assessment and levy of the tax involved, defendant made and filed with the officers of the proper local land-office the so-called "final proof," as a pre-emption claimant, under the laws of the United States, to the land in dispute, paid to said officers the requisite amount of money for the same, and that there was then issued and delivered to him the usual final receipt or certificate of entry; that thereafter, about January 1, 1888, said proof and proceedings thereunder were

suspended, and new proof ordered to be made, by the commissioner of the general land-office, because the testimony of one of the claimant's witnesses was taken before a justice of the peace instead of before one of the local land-officers, and also because said testimony was taken on a day other and different from that named in the notice of the making of final proof; that no other irregularities or defects existed respecting said pre-emption; that no adverse claim had attached to the land; that said order for new proof had not been complied with; and that the order of suspension had not been revoked. The case is certified up as provided in Gen. St. 1878, *c.* 11, § 80.

Lands purchased of the general government, and paid for, are the property of the purchaser, and will descend to his heirs as real estate, upon the issuance of the final certificate. Technically, at law, the fee may be in the United States, but the equitable estate is with the purchaser. *Carroll* v. *Safford,* 3 How. 441, 450. Lands cease to be public when entered at the local offices, and a certificate of entry has been given. The government agrees to issue a patent as soon as it can, and in the mean time holds the naked legal fee in trust for the purchaser, who has the equitable title. *Witherspoon* v. *Duncan,* 4 Wall. 210. Lands sold by the United States may be taxed before it has parted with the legal title by issuing a patent, and this doctrine is applicable to cases where the *right* to the patent is complete, and the equitable title is fully vested in the party, without anything more to be paid, or any act to be done going to the foundation of his right. *Railway Co.* v. *Prescott,* 16 Wall. 603; *Railway Co.* v. *McShane,* 22 Wall. 444. See, also, to the same effect, *Wisconsin Cent. R. Co.* v. *Taylor County,* 52 Wis. 37, (8 N. W. Rep. 833;) *Farnham* v. *Sherry,* 71 Wis. 568, (37 N. W. Rep. 577;) *Iowa Railroad Land Co.* v. *Fitchpatrick,* 52 Iowa, 244, (3 N. W. Rep. 40;) *Cent. Pac. R. Co.* v. *Howard,* 52 Cal. 227; *Mundee* v. *Freeman,* 23 Fla. 529, 3 South. Rep. 153.

The respondent concedes the law to be as stated above, but argues that because the entry is suspended and further proof required, the land is still public and non-taxable; but this position cannot be sustained. The defendant has complied with the law in all respects, except in the matter of proof. That submitted was held sufficient but irregularly made. He has paid his money, and to him has been

issued a receiver's final receipt, which, under the laws of this state, is *prima facie* evidence of title, (Gen. St. 1878, *c.* 73, § 91,) and may be recorded with the same force and effect in law, with respect to notice and title, as the patent, (section 94 *c.* 73, *supra.*) The respondent is the equitable owner of the land, the legal title only remaining in the United States. He is required to perform another act, that is, to submit his proof in the regular way; but this in no manner affects the foundation of his right to the land. That is assured, because he has complied with the pre-emption law; and if he fails to obtain formal evidence of title, it will be through an omission for which he is responsible. Should this be the result, and the land revert to the federal government, the question of its taxation would be one to be hereafter settled, and in which respondent would have no interest. In principle, this case cannot be distinguished, on this point, from *County of Cass* v. *Morrison,* 28 Minn. 257, (9 N. W. Rep. 761;) and *Wheeler* v. *Merriman,* 30 Minn. 372, (15 N. W. Rep. 665.) If the respondent has lawfully entered and paid for this land, he cannot be deprived of it by any arbitrary and unauthorized act of the commissioner of the general land-office. He has secured a vested interest in the land,—a right to a patent thereof; and this right cannot be taken away. *Cornelius* v. *Kessel,* 128 U. S. 456, (9 Sup. Ct. Rep. 122.) It would be opposed to sound reason to say that the state can be deprived of its revenue, if the suspension be arbitrary and unauthorized, until such time in the future as it pleases the department to so declare by rescinding its order, or otherwise; and it would be unjust to permit the respondent to escape the common burden of taxation by delaying to comply with the requirements of the commissioner as to formal proof. The land is taxable.

The case is remanded to the district court, with instructions to enter judgment against the tract in question, with interest, penalties, and costs, as by law provided.