TIMOTHY HAYES and Others v. MARGARET CARROLL and Others.

November 3, 1898.

Nos. 11,215—(42).

**Public Land—Proof by Widow of Homesteader—Patent to Heirs of Homesteader—Equitable Title.**

A homesteader under the laws of the United States entered, resided upon, cultivated and improved his claim for more than five years, but died without making his final proofs. His widow made them, and complied in all things with the provisions of R. S. (U. S.) § 2291. Her proofs were accepted as sufficient by the land officers, but by mistake the patent for the land was issued to his heirs instead of her. *Held* that, upon such compliance by her with the law, she became the equitable owner of the land, and that the patentees hold the legal title in trust for her, and that a court of equity will enforce the trust.

**Laches not Imputed to Equitable Owner in Possession.**

Laches will not be imputed to one in the peaceable possession of land under an equitable title, for delay in resorting to a court of equity for protection against the legal title.

Action in the district court for Wright county to have plaintiffs declared the owners of certain land, and to correct a mistake as to grantees in the patent therefor issued by the federal government. Defendants demurred to the complaint on the ground that it failed to state a cause of action. From an order, Tarbox, J., overruling the demurrer, defendants appealed. Affirmed.

*W. H. Cutting*, for appellants.

The United States issued the patent to "the heirs of Michael O. D. Hayes, deceased," under date of October 20, 1873. Honora, his widow, died June 25, 1896. She accepted this patent, and during all her life, nearly 23 years thereafter, she acquiesced in the same, and never once questioned it. This is laches sufficient to have estopped her from questioning the patent, and those claiming under her are estopped. See Bernier v. Bernier, 147 U. S. 242. In the case at bar, the claim had been completed by Michael during his life, and having completed his claim he became invested with an absolute right to the patent. A patent issued to a person deceased

at the time of its issuance inures to the benefit of his heirs. Zabriskie, U. S. Land Laws, 368, 372; Galloway v. Finley, 12 Pet. 264.

*J. T. Alley* and *C. A. Pidgeon*, for respondents.

Congress deemed it fit that in case the person making the entry died before the final proofs and other things required by R. S. (U. S.) § 2291, were complete, the land should go to the person or persons depending on the entryman for support. If the widow is living she gets it, if she performs. If there is no widow, then the heirs or devisee may comply with the law and get the land, but they get it under the law of congress, and not as a part of the estate of the deceased. Dawson v. Mayall, 45 Minn. 408; Coleman v. McCormick, 37 Minn. 179; Bernier v. Bernier, 72 Mich. 43; Webster v. Bowman, 25 Fed. 889; 19 Am. & Eng. Enc. 332, 333.

It is alleged in the complaint that Honora Hayes was in the absolute, exclusive, notorious, adverse and hostile possession of the premises in controversy from the date of the death of Michael up to the date of her own death in 1896. She claimed all of the time to own the land in fee, and, as long as her possession remained undisturbed, she could forfeit nothing by her laches. Neither is it too late for the correction by a court of equity of the mistake made in issuing the patent. 12 Am. & Eng. Enc. 606; Hutson v. Fumas, 31 Iowa, 154; Michoud v. Girod, 4 How. 503, 561; Gaines v. Chew, 2 How. 619; Gresley v. Mousley, 4 De G. & J. 78; Baker v. Kelley, 11 Minn. 358 (480); 13 Am. & Eng. Enc. 674; Fawcett v. Fawcett, 85 Wis. 332; Pleasants v. Blodgett, 39 Neb. 741; Bausman v. Kelley, 38 Minn. 197; Lewis v. Welch, 47 Minn. 193.

START, C. J.

The material allegations of the complaint herein are: On March 2, 1863, Michael O. D. Hayes duly filed and settled upon 80 acres of government land in Wright county, in accordance with the homestead laws of the United States, and continued to reside thereon to the time of his death in October, 1868. He complied during such time with all of the provisions of the homestead law as to residence thereon, and as to cultivation and improvement thereof, and during all such time his wife, Honora Hayes, lived with him on the land

and assisted in the cultivation and improvement thereof. He would have been entitled, had he lived, to a patent therefor. He died intestate, leaving his widow, Honora Hayes, surviving him, but no children nor any descendant of any deceased child. After his death his widow continued to reside on the land, and on July 9, 1869, she made the final proofs under her deceased husband's entry in all respects as required by law, which were accepted by the officers of the land department as sufficient. Thereafter, and on October 20, 1873, a patent was issued under such homestead entry; but, by reason of the mistake of the officers who issued the patent, it was issued to and in the name of "the heirs of Michael O. D. Hayes, deceased," instead of Honora Hayes, his widow. She was at all times after the making of the final proofs to the time of her death, on June 25, 1896, in the actual, open, notorious and exclusive possession of the land, claiming to own the same in fee simple. During all this time she was ignorant, unable to read or write and partially insane; living alone on the land, and excluding herself from all intercourse with her neighbors. She had no knowledge as to the contents of the patent, or as to the legal effect thereof. She died intestate, leaving the plaintiffs her surviving, who are her only heirs at law. The defendants are the heirs and grantees of heirs of Michael O. D. Hayes. While it is not expressly alleged, the necessary inference from the allegations of the complaint is that the husband never made his final proofs. The prayer of the complaint was that the mistake in the patent be corrected, or that the defendants be adjudged to hold the legal title in trust for the plaintiffs, and for general relief. The defendants demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action, and from an order overruling their demurrer they appealed.

The contention of defendants' counsel in support of the demurrer is that Hayes having entered upon the land and lived on it for more than five years, and having during that time performed all things required by law to be done by him, he was at the time of his death the owner of the land, and vested with an absolute right to the patent, and having died so seised in fee of the land, although final proof had not been made, the United States held the legal title in trust for him, and therefore the patent was legally is-

sued to his heirs; that, the widow not having been a party to the contract of purchase, neither she nor those claiming under her can set up any mistake in issuing the patent; and further that, having accepted and acquiesced in the patent for 23 years, she would have been, had she lived, and those claiming under her are, estopped on account of her laches from now questioning the patent.

1. The first question, then, is: Was the widow of Hayes, on the facts as alleged in the complaint, legally entitled to make the final proofs under her husband's entry of the land, and receive a patent thereof? To entitle a homesteader to a patent, he must reside upon, cultivate and improve his claim for five years, and within two years thereafter he must make final proofs of the fact, and an affidavit that no part of the land has been alienated except as provided by law, establish his citizenship and take the oath of allegiance. Until he so complies with the law, his interest in the land is inchoate only; but after he has thus complied his interest becomes vested, and he is the equitable owner of the land. If he thereafter dies, and before the patent issues, the land descends to his heirs or devisees.

But if, as in this case, he dies before he has made the final proofs, the homestead law has made provision for making them, and directs to whom the patent shall issue. R. S. (U. S.) § 2291, provides:

"No certificate, however, shall be given, or patent issued therefor, until the expiration of five years from the date of such entry; and if at the expiration of such time, or at any time within two years thereafter, the person making such entry; or if he be dead, his widow; or in the case of her death, his heirs or devisee; or in case of a widow making such entry, her heirs or devisee, in case of her death, proves by two credible witnesses that he, she or they have resided upon or cultivated the same for the term of five years immediately succeeding the time of filing the affidavit, and makes affidavit that no part of such land has been alienated, except as provided in section 2288, and that he, she or they will bear true allegiance to the government of the United States; then, in such case, he, she or they, if at that time citizens of the United States, shall be entitled to a patent as in other cases provided by law."

These provisions are clear and specific. The law seems to recognize the fact that the equity of the widow to a patent for the land she and her husband together occupied, cultivated and improved is,

in case of his death before making the final proofs, superior to that of his heirs or devisees.   Accordingly it is expressly provided that, in case of the death of the entryman before the making of his final proofs, his widow, upon making them and complying with the other provisions of the law, shall be entitled to the patent.   It is only when there is no widow that the heirs or devisees may make the proof and receive the patent.   In this respect the homestead law differs from the pre-emption law, which provides that the patent shall issue to the heirs of the deceased pre-emptor, without naming them.   See R. S. (U. S.) § 2269.

The widow, in this case, having made the final proofs, which were accepted by the land officers as sufficient, and complied with all of the other provisions of section 2291, became the equitable owner of the land, and was entitled to the patent therefor.   See Coleman v. McCormick, 37 Minn. 179, 33 N. W. 556; Schoolfield v. Houle, 13 Colo. 394, 22 Pac. 781; Strain v. Hostotlas, 17 L. D. 293.

The case of Bernier v. Bernier, 147 U. S. 242, 13 Sup. Ct. 244, relied on by defendants, is not in point.   In that case the homesteader left no widow, and the question was whether, under the provisions of section 2292, his minor children were entitled to the patent, to the exclusion of those who had attained their majority.

2. The claim of the defendants that there can be no correction of the patent in this case or any other may be conceded.   The widow in this case, after she made her proofs and complied in all things with the law, became the equitable owner of the land, and thereafter the United States held the legal title in trust for her. But by mistake the patent was illegally issued to the heirs of her deceased husband.   They were chargeable with notice of her equitable title, as she was in the continuous possession of the land, and they paid nothing for the patent; hence they took and held the legal title in trust for her.   A court of equity will enforce this trust according to the rights of the parties.   Roy v. Duluth & Iron Range R. Co., 69 Minn. 547, 72 N. W. 794.

3. It is further claimed that the widow of the homesteader would have been estopped if she had lived, and those claiming under her are estopped, from now questioning the patent, by reason of her acquiescence and laches.   The claim is untenable, for it does not

appear from the allegations of the complaint that she ever had the patent in her possession, or knew that it had been issued to the heirs of her husband and not to herself.

But, this aside, she was in the exclusive and peaceable possession of the land, claiming to be the owner in fee thereof. No one questioned her title, or attempted to disturb her possession, which was notice to all persons of her rights. Laches will not be imputed to one in the peaceable possession of land under an equitable title for delay in resorting to a court of equity for protection against the legal title. Backus v. Burke, 63 Minn. 272, 65 N. W. 459; Ruckman v. Cory, 129 U. S. 387, 9 Sup. Ct. 316; Baker v. Kelley, 11 Minn. 358 (480); 12 Am. & Eng. Enc. 605; 2 Pomeroy, Eq. Jur. § 817.

The complaint states facts sufficient to constitute a cause of action.

Order affirmed.