# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF MINNESOTA.

## RUTH DORAN v. JOHN A. KENNEDY and Others.[1]

May 29, 1913.

Nos. 18,009—(142).

**Letters of administration — collateral attack.**

1. The issuance of letters of administration by the probate court of the county where a deceased person resided in his life time is conclusive in a collateral action of the regularity of the proceedings resulting in their issuance, unless want of jurisdiction appears affirmatively on the face of the record.

**Public land — interest of person entitled to patent.**

2. A person who has complied with all the requirements necessary to entitle him to a patent of land from the United States government is regarded as the equitable owner thereof. In the event of his death, the land will form part of his estate and will descend in accordance with state laws. This applies to a homestead entryman who has commuted to a cash purchase and has made final proof and payment.

[1] Reported in 141 N. W. 851.

122 M.—1.

**Sale of such land under order of probate court.**

3. The probate court has jurisdiction over such land. It may rightfully order it sold to pay certain demands. A sale of such land cannot be attacked in a collateral action to quiet title, on the ground that the probate court improperly ordered it sold. The heirs had one day in court when the orders pertaining to such sale were considered by the probate court. They are entitled to no more.

**Waiver of homestead right.**

4. A person entitled to a homestead exemption under the Federal law may waive it by his voluntary act, or by acquiescing in a sale of the land to pay debts from which it is in fact exempt.

Action in the district court for Koochiching county to determine that defendants had no title to vacant and unoccupied land. The complaint alleged that the land was patented to Edward O. Norton after his death, and sold by the administrator of Norton's estate pursuant to the license and order of the probate court for that county to pay debts contracted by the intestate prior to the issuance of the patent to him; that the land was exempt from sale for the indebtedness by virtue of R. S. (U. S.) § 2296, and amendatory and supplemental acts. The separate answer of Paul Kennedy alleged that the probate court had full jurisdiction over the estate; that all its orders were made regularly and no appeal was taken by plaintiff or anyone in her behalf; that defendant was an innocent purchaser for value and was never notified by the records of the probate court, or in any other manner, of the claim made by plaintiff. It further alleged that defendant John Kennedy loaned to Norton the money with which the latter made his final proof, and that such sum constituted the claim of that defendant against the estate and the loan was made the day before Norton submitted final proof on his claim. It further alleged that the answering defendant held title to the land by virtue of a decree of the probate court from which decree no appeal had been taken by plaintiff or anyone in her behalf. The separate answer of John Kennedy set out the facts in reference to his appointment as administrator of the estate, the sale of the land under license of the probate court, and alleged that plaintiff had full knowledge of the

facts alleged in his answer long prior to the application for the appointment of an administrator.

The case was tried before Stanton, J., who made findings of fact and as conclusion of law found that plaintiff was the owner in fee simple of the land, and that neither of defendants had any interest therein or lien thereon. From the judgment entered pursuant to the order for judgment, defendants appealed. Reversed.

*F. J. McPartlin,* for appellant.

*William E. Culkin* and *John E. Samuelson,* for respondent.

HALLAM, J.

The administrator of the estate of Edward O. Norton, deceased, sold the land here in controversy under license issued by the probate court of Koochiching county. The purchaser was George N. Millard. He conveyed to the defendant Paul Kennedy. Plaintiff is one of the heirs of said Norton and she has acquired the interest of all the other heirs. She brings this action to quiet title to the land. This is accordingly not an appeal from any order of the probate court concerning the sale. It is an independent action. The attack here made upon the orders of the probate court is a collateral attack.

The probate court is a court of general jurisdiction. In the absence of fraud, its orders and decrees cannot be attacked in a collateral action, except in case of want of jurisdiction of the court to make them, and then only when the want of jurisdiction appears affirmatively on the face of its record. This is well settled. Davis v. Hudson, 29 Minn. 27, 11 N. W. 136. It is the contention of plaintiff that the sale of this land in the probate proceeding was void; that the court had no jurisdiction to appoint the administrator at all; and that it had no jurisdiction to order a sale of this land.

1. The first contention is that the probate court had no jurisdiction to appoint an administrator. We cannot so hold.

The complaint alleged that defendant John A. Kennedy was appointed administrator, and the court so found. In neither the complaint nor the findings is there any suggestion that the appointment was irregular. In a collateral proceeding, such as this, the letters of administration issued by the probate court of the county where de-

·cedent resided are conclusive of the regularity of the proceedings resulting in their issuance, unless want of jurisdiction appears affirmatively on the face of the record. Pick v. Strong, 26 Minn. 303, 3 N. W. 697; Moreland v. Lawrence, 23 Minn. 84. Counsel for plaintiff argue that the existence of property of deceased was essential to the jurisdiction of the probate court to appoint an administrator, Fitzpatrick v. Simonson Bros. Mnfg. Co. 86 Minn. 140, 90 N. W. 378; that the land in controversy was not the property of deceased and that he left none other. There is no pretense at either pleading or proof that the record of the probate court showed that deceased left no other property or that such was the fact. It will appear, however, from the next paragraph that, in our judgment, the land in controversy was the property of deceased at the time of his death.

2. This brings us to plaintiff's next contention, that the probate court could not authorize a sale of this land, because it was not part of the estate of the deceased. We cannot sustain this contention. The facts are as follows:

On November 12, 1904, deceased made a homestead entry upon this land. He thereafter commuted his homestead entry to a cash purchase, as he was authorized by law to do. R. S. (U. S.) § 2301.[1]

On April 10, 1906, he made final commutation proof upon said homestead entry and made full payment to the United States for the land. On September 6, 1906, he died. On March 17, 1908, the receipt of receiver of the United States land office was issued in his name. On September 8, 1908, a patent was issued by the United States government in his name. On March 2, 1909, letters of administration were issued.

Although the homestead entry was commuted to a cash purchase, it still retained the incidents of a homestead entry, for the commutation of a homestead claim is the consummation of the homestead right and not an exercise of a pre-emptive one. Cotton v. Struthers, 6 L. D. 288; Ball v. Graham, 6 L. D. 407; Case of James Brittin, 4 L. D. 441; Case of Lipinski, 13 L. D. 439; Clark v. Bayley, 5 Ore. 343.

---

[1] [U. S. Comp. St. 1901, p. 1406].

The homestead act (R. S. [U. S.] § 2291)[1] provides that if the person making homestead entry dies *before* making final proof, such proof may be made by his widow, or, in case of her death, by his heirs or devisees. In such case the right to the patent accrues first to the widow, or, if none, then to the heirs or devisees. The land is no part of the estate of the entryman and does not descend as such. It is disposed of in accordance with the act of Congress, and the patentee takes his title not by descent from the ancestor, but by purchase from the United States government.

But *after* final proof the rule is different: It is a general rule that: "A person who complies with all the requisites necessary to entitle him to a patent * * * is to be regarded as the equitable owner" of the land. Wirth v. Branson, 98 U. S. 118, 121, 25 L. ed. 86; Robinson v. Caldwell, 67 Fed. 391, 14 C. C. A. 448; United States v. Freyberg, (C. C.) 32 Fed. 195. When the right to a patent has once become vested, it is equivalent, so far as the government is concerned, to a patent actually issued. The execution and delivery of the patent after the right to it is complete are the mere ministerial acts of the officer charged with that duty. Stark v. Starrs, 6 Wall. 402, 18 L. ed. 925; Barney v. Dolph, 97 U. S. 652, 24 L. ed. 1063; Simmons v. Wagner, 101 U. S. 260, 25 L. ed. 910; Camp v. Smith, 2 Minn. 131 (155); St. Paul & S. C. R. Co. v. Ward, 47 Minn. 40, 46, 49 N. W. 401, (homestead case). Hayes v. Carroll, 74 Minn. 134, 137, 76 N. W. 1017, (homestead case).

Such person is not prejudiced by the issuance of a patent to another. Wirth v. Branson, supra; Cornelius v. Kessel, 128 U. S. 456, 9 Sup. Ct. 122, 32 L. ed. 482; Robinson v. Caldwell, supra; United States v. Freyberg, supra. He may sell his interest notwithstanding statutes which prohibit a sale before a patent issues. Barney v. Dolph, supra; Simmons v. Wagner, supra; Stark v. Starrs, supra; Case of Eberhard Querbach, 10 L. D. 142, (a homestead case); St. Paul & S. C. R. Co. v. Ward, supra; Sims v. Morrison, 92 Minn. 341, 100 N. W. 88. He may make a valid mortgage thereof. Lewis v. Wetherall, 36 Minn. 386, 31 N. W. 356, 1 Am. St. 674, (home-

1 [U. S. Comp. St. 1901, p. 1390].

stead case); Lang v. Morey, 40 Minn. 396, 42 N. W. 88, 12 Am. St. 748. It is subject to taxation by the state and local authorities. Carroll v. Safford, 3 How. 441, 11 L. ed. 671; Davenport v. Lamb, 13 Wall. 418, 20 L. ed. 675; Wisconsin Central R. Co. v. Price County, 133 U. S. 496, 10 Sup. Ct. 341, 33 L. ed. 687; Case of Joseph Ellis, 21 L. D. 377; Smith v. Murphy's heirs, 24 L. D. 139; County of Polk v. Hunter, 42 Minn. 312, 44 N. W. 201; State v. Johnson, 111 Minn. 255, 263, 126 N. W. 1074; Staloch v. Holm, 100 Minn. 276, 111 N. W. 264, 9 L.R.A.(N.S.) 712.

It naturally follows that it will descend to his heirs according to the laws of the state wherein it is situate; and such is the law. Carroll v. Safford, 3 How. 441, 461, 11 L. ed. 671; Strain v. Hostot-las, 17 L. D. 293 (homestead case); Case of C. P. Cogswell, 3 L. D. 23; County of Polk v. Hunter, supra; Hayes v. Carroll, 74 Minn. 134, 137, 76 N. W. 1017; Rogers v. Clark Iron Co. 104 Minn. 198, 221, 116 N. W. 739. In case of C. P. Cogswell, 3 L. D. 23, 26, supra, it is said: "It is a fact generally known that * * * such title, for the purposes of private and judicial sale, taxation, inheritance of real estate, and all other kindred objects, is treated by the courts, the local legislatures and individuals in the same manner as if a patent had issued."

We hold that Edward O. Norton was the equitable owner of this land at the time of his death. It descended according to the laws of this state, and was part of his estate to be administered.

3. The next contention is that, even if this land was part of the estate of deceased, the probate court had no jurisdiction to sell it, because it was exempt under act of Congress. R. S. (U. S.) § 2296,[1] which was part of the original homestead act, provides that: "No lands acquired under the provisions of this chapter shall in any event become liable to the satisfaction of any debt contracted prior to the issuing of the patent therefor." Defendants urge some reasons why, in their opinion, this exemption does not apply to the facts of this case. It is unnecessary to determine the force of these contentions, for it seems clear that this probate sale cannot be attacked in

[1] [U. S. Comp. St. 1901, p. 1398].

this collateral proceeding on this ground. The property was part of the estate of deceased. The probate court had jurisdiction over it. That court had the unquestioned power to authorize a sale of it to pay certain classes of obligations. It might be sold to pay liabilities arising out of torts of deceased, 32 Cyc. 1084; Brun v. Mann, 151 Fed. 145, 80 C. C. A. 513, 12 L.R.A. (N.S.) 154. Had the patent issued when it should have issued, it might have been sold to pay debts incurred thereafter and before the death of deceased.

Whether there were facts to warrant a sale in any given case was a question which the probate court was obliged to determine, and which that court and no other had jurisdiction to determine. This question was considered by the probate court and was determined adversely to plaintiff. Then was the time for the plaintiff to present her contention in court. No fraud or artifice was practised to prevent her doing so. In fact, in her brief, she claims that she did in fact appear. If the determination of the probate court was wrong, her remedy was to appeal from that determination. The heirs were entitled to one day in court, but not to two. When a probate court with jurisdiction over property for purposes of administration, and for purposes of sale in certain cases, orders and confirms a sale of the same, it is the right and duty of an heir to litigate the propriety of such orders in that proceeding. The heir cannot sit by, permit the sale to be made, and then bring another and a collateral action in another court to litigate again the propriety of the sale, and to procure a decree declaring it to be void. Such a practice would place no end to litigation.

The statute relating to sales of real estate by an administrator prescribes five grounds on which such a sale may be collaterally attacked. R. L. 1905, § 3774. To this extent the statute modifies the rule as to the verity of probate court records. There is no claim here that this probate sale is subject to attack on any of the grounds mentioned in section 3774. To this extent only, the proceedings may be assailed collaterally by virtue of this statute. In all other respects the orders of the probate court in the matter of administrators' sales are accorded the same presumption as the judgments of courts of superior common law jurisdiction. Kurtz v. St. Paul & Duluth R. Co. 61 Minn. 18, 63 N. W. 1.

As already stated, a person entitled to exemption under the Federal law may waive it by his own voluntary act, such as by giving a mortgage. He may also waive his exemption by acquiescing in a sale of the land to pay debts from which it is in fact exempt.

The principle involved is the same as in Ordean v. Grannis, 118 Minn. 117, 136 N. W. 575, 1026. In that case a judgment in a partition suit was attacked collaterally. It was claimed a sale had been made in contravention of the statute, which provides that "no sale shall be made" when the liens amount to more than the value of the property. Justice Bunn [at page 126] said: "It may have been error to decree a sale under the facts alleged and proved; but the court had jurisdiction of the subject-matter and of the parties, and the error in ordering a sale was at most an error that might have been taken advantage of on appeal. The court had jurisdiction to order a sale in a proper case. If the pleadings or proof showed that it was improper to do so, it was error; but the order was not in excess of the court's jurisdiction and not void."

This question has arisen in other jurisdictions and the decisions have been in accordance with the views here expressed. J. B. Watkins v. Mullen, 62 Kan. 1, 61 Pac. 385, 84 Am. St. 374; Gjerstadengen v. G. W. Van Duzen & Co. 7 N. D. 612, 76 N. W. 233, 66 Am. St. 679. See also Sigmond v. Bebber, 104 Iowa, 431, 73 N. W. 1027. In the Kansas case the court said, (page 4) "Upon principle, however, we are fully persuaded that such judgment can only be reviewed upon appeal or other direct proceeding, and not in a collateral action." In North Dakota the same question was considered. The following language of the court is apropos here:

"The Federal statute exempting Federal homesteads from liability for debts contracted before the issue of patent (section 2296 R. S. [U. S.]) does not take such homestead, after it has once become the property of the homesteader, out of the jurisdiction of the probate court. * * * The probate court in the supposed case has full jurisdiction over the property, because it forms part of the decedent's estate. Whether it shall be sold for certain debts is a judicial question, to be decided by the court, the same as any other question that arises in the course of the proceedings over which it

clearly has jurisdiction. All persons who claim under the decedent, whether as heirs or as devisees, are parties to the proceedings; and they must therein assert the exemption of the land from liability to sale, if they intend to invoke the protection of the law at all. The question before the court is whether that particular land of the decedent shall be sold for debts, and all parties interested must then and there interpose any defense to a sale thereof which they may have, whether it relate to the existence of the alleged debts at all, or, conceding the claims to be valid, asserts that for such debts the land cannot be sold, because of the exemption thereof under the Federal statute."

The orders of the probate court of Koochiching county were within its jurisdiction and were not void.

The judgment appealed from is reversed.

BROWN, C. J. (concurring).

I concur in the foregoing opinion in all respects, save the conclusion that the land in question belonged to and was a part of the estate of decedent at the time it was ordered sold in the probate proceedings. From the conclusion of the court upon that question, I respectfully dissent. The probate proceedings were commenced after the issuance of the patent and when, under section 2448, R. S. (U. S.) [1] title to the land had become vested in the heirs of Norton. That statute provides:

"Where patents for public lands have been or may be issued, in pursuance of any law of the United States, to a person who had died, or who hereafter dies, before the date of such patent, the title to the land designated therein shall inure to and become vested in the heirs, devisees or assignees of such deceased patentee as if the patent had issued to the deceased person during life."

As I understand this statute the title to the land upon the issuance of the patent, though issued in the name of decedent, passed directly to his heirs, was no part of his estate and the probate court was without jurisdiction to order it sold. It is probable that, had

[1] [U. S. Comp. St. 1901, p. 1512].

the probate proceedings been commenced and the order of sale made after the acceptance by the Federal authorities of the final proof tendered by decedent, and before the issuance of the patent, a different question would be presented. But the legal title to the land was in the general government until the issuance of the patent, and though decedent may have had an equitable title after the submission of final proofs, when the patent issued, such equitable rights were extinguished and the land became vested absolutely "in the heirs * * * of such deceased patentee," as declared by the statute quoted, leaving no interest whatever in his estate.