### In re PARMETER'S ESTATE.

(District Court, D. North Dakota. March 13, 1914.)

PUBLIC LANDS (§ 35*)—DEBTS—EXEMPTIONS—STATUTES—CONSTRUCTION.

Rev. St. U. S. § 2296 (U. S. Comp. St. 1901, p. 1398), provides that no land acquired under the provisions of the chapter shall in any event become liable to the satisfaction of "any debt" contracted prior to the issuing of the patent therefor. *Held*, that the debts referred to in such section were those of the patentee, and that the exemption did not run with the land and inure to the benefit of the patentee's heirs and assigns, so as to render the lands exempt from execution for debts of the patentee's husband contracted prior to patent on his acquiring the land on her death.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 72–77; Dec. Dig. § 35.*]

In Bankruptcy. In the matter of bankruptcy proceedings of William J. Parmeter. Application by the bankrupt's trustee to review an order setting over to the bankrupt, as exempt, certain real property. Reversed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

F. C. Heffron, of Dickinson, N. D., for trustee.

John Carmody, of Hillsboro, N. D., and T. F. Murtha, of Dickinson, N. D., for bankrupt.

AMIDON, District Judge. This cause comes on to be heard upon the certificate of the referee, certifying to the court for review his order made herein, directing the trustee to set over to the bankrupt, as exempt, the south half of the northeast quarter, and the south half of the northwest quarter of section 20, township 140, range 96.

The controversy arises out of the following facts: Vina Rasmussen filed upon the land as a government homestead on the 5th day of June, 1907, and was thereafter married to the bankrupt. Thereupon she and the bankrupt took up their home upon the land. Thereafter the wife made final commutation proof, under the homestead laws, and a final certificate was issued to her by the proper officers of the Land Department, on December 14, 1912. In March, 1913, the wife died, leaving the bankrupt, William J. Parmeter, her sole heir. There were no children born of the marriage, and there were no persons living with the bankrupt and dependent upon him, so as to make him the "head of a family," within the homestead law of the state of North Dakota. He could not, therefore, claim the property as exempt as a homestead under the laws of the state. On June 5, 1913, the United States duly issued a patent for the land in favor of Vina Parmeter, and, under section 2448 of the United States Revised Statutes, the title to the land inured to, and became vested in, the above bankrupt, as the sole heir of the patentee. On the 26th day of June, 1913, the bankrupt filed a voluntary petition in bankruptcy herein. None of the debts scheduled in his list of liabilities were incurred subsequent to the issuance of the patent. He claims the land as exempt under section 2296 of the Revised Statutes of the United States, which reads as follows:

"No land acquired under the provisions of this chapter shall in any event become liable to the satisfaction of any debt contracted prior to the issuing of the patent therefor."

Inasmuch as all of the bankrupt's debts were incurred prior to the issuing of the patent, he claims that he holds the property exempt from such debts, by reason of this section. The case turns upon whether the exemption mentioned in the statute is confined to the debts of the patentee, to whom the government issues the patent, or runs with the land, and inures to the benefit of the patentee's heirs and assigns, so as to be exempt also from their debts contracted before the issuance of the patent. The referee held the exemption extended to the debts of the bankrupt, as the heir of the patentee. The trustee insists that the exemption should be confined to the debts of the patentee.

Section 2296 has not been literally construed by the courts. It has been uniformly held that the homestead is liable, at least after final proof, for liens voluntarily impressed thereon by the homesteader, and subject to sale for the payment of the debt secured by such liens. It has been the practice for more than a generation for homestead

entrymen to borrow the money with which to make their final proofs, and pay the commutation price for the land, and give back a mortgage upon the homestead as security, and such mortgages have been sustained by the courts, and enforced against the homestead, although they were created frequently years before the issuance of the patent. In this way an exception has been built up to the general language of section 2296, and the words "any debt," contained in the section, have been held to mean general contract debts as to which no specific lien was voluntarily impressed upon the homestead by the entryman. Stark v. Morgan, 73 Kan. 453, 85 Pac. 567, 6 L. R. A. (N. S.) 934, 9 Ann. Cas. 930; Doran v. Kennedy, 122 Minn. 1, 141 N. W. 851.

It seems to me clear that the exemption must also be confined to the debts of the patentee. After final proof, it has been the uniform practice to alienate homesteads the same as if the homesteader had a title in fee. Section 2448, by providing that the patent, when issued, shall inure to the benefit of the "assignee" of the patentee, clearly countenances such conveyance. They have been held valid by all the courts, both state and federal. Upon the death of the homesteader, after final proof, the title passes to his heirs, if the homesteader is still the owner of the property. These "heirs" are not confined to the wife and children of the homesteader, but extend to remote collateral heirs. The title may go to the brothers and uncles of the deceased, if he leaves no nearer kindred. Again, if the homesteader mortgages the property, after making final proof and before patent, it will frequently happen that the title will pass to third parties upon the foreclosure of the mortgage before the patent issues. Now, is the land exempt, in the hands of these remote holders, from *their* debts incurred prior to the issuance of the patent? It might happen that the land would pass to a brother or an uncle of the deceased homesteader who is himself the holder of a government homestead, and enjoying in his own right the full benefits of the exemption granted by section 2296; or the homesteader might have sold the land to a purchaser of independent fortune, in no way needing or entitled to the benefits of the statute. Or, again, the land might be held by the purchaser on the foreclosure of a mortgage given after final proof. Now, to hold that each of these classes of persons would hold the land not only exempt from the debts of the homesteader, but likewise from his own debts, contracted prior to the issuance of the patent, is to carry the exemption wholly beyond the purpose of the law. A construction which leads to such absurd results must be wrong, and proves that we have the right meaning of the statute when we confine the exemption to the debts of the patentee.

But counsel for bankrupt insists that the property should be exempt in the hands of the heirs of the homesteader, when such heirs are members of his immediate family. I find no ground in the statute upon which to base such a classification. If the exemption follows the land beyond the patentee of the government, then there is no rule prescribed by the statute to determine how far we shall go in allowing the exemption. It must therefore be confined to the debts of the

patentee or extend to the debts of all holders prior to the issuance of patent.

The family of. the homesteader will, in the great majority of cases,. be fully protected in their homestead rights. If the entryman dies before making final proof, then his widow or heirs would be entitled, under section 2291 of the United States Revised Statutes, to comply with the provisions of the homestead law, and receive a patent to the land. In such a case they would obtain title, not as heirs of the original entryman, but as purchasers from the government; and the land would remain exempt in their hands from all liability for debts incurred by them, or the original entryman, prior to the issuance of the patent. If the "heir" be "the head of a family," the homestead would also, as a rule, be exempt under state laws.

The views which I have expressed are sustained in Duell v. Potter, 51 Neb. 241, 70 N. W. 932. Observations to the contrary contained in Gould v. Tucker, 20 S. D. 226, 105 N. W. 624, and Blair v. Mayer, 24 S. D. 563, 124 N. W. 721, 140 Am. St. Rep. 797, do not seem to me to rest upon a sound construction of section 2296 of the United States Revised Statutes.

It is therefore ordered that the order of the referee be, and the same is hereby, reversed, and the application of the bankrupt for an order directing the trustee to set off the land above described to him, as exempt, is denied.