## LAURA T. SANDERS AND ANOTHER v. MAGGIE MORRISON AND OTHERS.

## AMBROSE KAHNKE v. MAGGIE MORRISON AND OTHERS.

## ALBERT KAHNKE, JR., v. MAGGIE MORRISON AND OTHERS.[1]

March 2, 1923.

No. 23,102.

**Jurisdiction of probate court over estate of mixed-blood Indian allottee.**

Following Baker v. McCarthy, 145 Minn. 167, it is *held* that the probate court of Becker county had jurisdiction to administer the estate and determine the heirs of a mixed-blood adult Indian, to whom land in the White Earth Reservation had been allotted, and in whose name a trust patent was issued, the probate proceedings having been begun after the enactment of the Clapp amendment of June 21, 1906.

Actions in the district court for Becker county to determine adverse claims to certain land. The cases were tried together before Roeser, J., who made findings and ordered judgments in favor of plaintiffs. From the judgments entered pursuant to the order for judgment, defendants appealed. Affirmed.

*P. F. Schroeder*, for appellants.

*Johnston & Carman*, for respondents.

LEES, C.

This is an action to determine adverse claims to land in the White Earth Indian Reservation. Plaintiffs prevailed and defendants appealed from the judgment.

[1] Reported in 192 N. W. 344.

Pursuant to the treaty of March 19, 1867, between the United States and the Chippewa Indian Tribe, and the acts of Congress of February 8, 1887, and January 14, 1889, the land had been allotted to Catherine Fairbanks. She was a mixed-blood Indian living with her husband and children within the boundaries of the reservation. She died on January 5, 1902. A trust patent for the land was duly issued on December 3, 1902. Mrs. Fairbanks was named therein as the patentee. On May 13, 1907, the probate court of Becker county admitted her will to probate. She devised the land to her daughters, Sophia Roy and Julia Rogers, and a decree was entered assigning the land to them. There was no appeal from the decree. In 1908, upon the application of the defendant Maggie Morrison, a daughter of Mrs. Fairbanks, the probate court entered an order vacating the decree, but, upon appeal to the district court, the order was reversed. Thereafter the defendant John B. Fairbanks applied to the secretary of the interior to have him determine who inherited the land from Mrs. Fairbanks. The secretary refused to entertain the application, holding that his department had no jurisdiction to determine the question of heirship. In September, 1920, the same defendant filed a petition in the probate court of Becker county, representing that Mrs. Fairbanks had died intestate and that no valid proceedings for the probate of her estate had ever been had, and praying that a decree of descent be entered vesting title to the land in her heirs at law. The petition was dismissed and no appeal was taken. The plaintiffs have acquired the title of Mrs. Roy and Mrs. Rogers through mesne conveyances.

The foregoing statement of facts is based on the findings, which are not questioned. Upon this state of facts, the court concluded that plaintiffs were the owners of the land and that defendants had no right, title or interest to support their claim thereto.

Defendants take the position that, under the patent issued to Mrs. Fairbanks, the United States held the title in trust for her and her heirs for the period of 25 years; that at the expiration of that period the United States was bound to convey the land to her or her heirs, discharged from the trust and from all charges or encumbrances, and that during such period it was beyond the power of the allottee

or her heirs to convey the land to anyone. This is controverted by the plaintiffs, who assert that the act of Congress, approved June 21, 1906, and commonly known as the Clapp amendment (34 St. 353), removed all restrictions upon the power of adult mixed-blood Indians to dispose of the land allotted to them within the White Earth Reservation, and that thereafter the probate courts had jurisdiction to administer their estates and determine heirship whether the death of the allottee occurred before or after the amendment was enacted. In Baker v. McCarthy, 145 Minn. 167, 176 N. W. 643, it was held that the probate courts had such jurisdiction. We adhere to the ruling and it controls the case at bar. The only difference in the facts is that here we have a will devising the land in question, whereas in Baker v. McCarthy the land descended to the heirs at law of a decedent who died intestate. The jurisdiction of the probate court extends to one situation as fully as it does to the other.

The probate court having had jurisdiction over the estate of Catherine Fairbanks, its decree was binding until set aside by that court or reversed on appeal, and concluded all parties in interest as to everything necessarily involved in the decree. Doran v. Kennedy, 122 Minn. 1, 141 N. W. 851, affirmed in 237 U. S. 362, 35 Sup. Ct. 615, 59 L. ed. 996; 2 Dunnell Minn. Dig. § 7774.

Judgment affirmed.